CRAWFORD *et al. v.* SOLOMON *et al.*

[95 South. 686. No. 22261.]

INFANTS. · *Chancery court may sell land of minor for reinvestment, even where remainder, if alienation not prohibited by will or deed during period when property may be held.*

Under section 159 of the Constitution of 1890, and under section 2419, Code of 1906 (Hemingway's Code, section 1980, the chancery court, in a proper proceeding supported by proper evidence, may sell the land of a minor for purposes of reinvestment, even where such interest is a remainder, provided there is no prohibition against alienation in the will or deed during the period when property may be held under section 2765, Code of 1906 (Hemingway's Code, section 2269).

2. WILLS. *Alienations, of property constituting life estate may be prohibited for life of devisee.*

A testator devising a life estate to his wife may prohibit alienation of the property in which the life estate exist during her life and such provision is legal and binding, there being no statute or public policy prohibiting it. Section 2765, Code of 1906 (Hemingway's Code, section 2269), not prohibiting it, and such section declaring the policy of the state in that regard is the full measure of restraint. *Leigh* v. *Harrison,* 69 Miss. 923, 11 So. 604, 18 L. R. A. 49, cited.

APPEAL from chancery court of Chickasaw county.

HON. A. J. McINTYRE, Chancellor.

Suit by Mrs. Sudie Crawford and others, against Edward Solomon and others. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*J. E. Harrington,* for appellant.

In view of the brief for the appellees we have decided to go further in the discussion of the power of a testator to provide for the restraint of alienation of property transferred by will where a life estate is established, and especially the power to restrain the alienation of a life estate. There is apparently considerable conflict of authority upon this point, but when the authorities are properly analyzed it will be seen that the conflict is more apparent than real. There are two kinds of life estates; one of which is where the legal title is vested in a trustee with power to handle the estate and account to the life tenant for the profits or income from the life estate. The latter class of life estates is what is commonly called spendthrift trusts. As to this class of life estates our supreme court has decided that restraints on alienation are valid. *Leigh* v. *Harrison,* 69 Miss. 923, 11 So. 604, 19 L. R. A. 49. But a careful reading of the decision in that case will show that the court was careful to limit the application of the rule there announced to equitable life estates. We find this language: "Our statute against perpetuities would seem to express the whole legislative will on the subject, and to fix the limit which may not be exceeded, but within which restraints against alienation may be lawfully imposed, at least upon equitable estates for life which, whatever may be the rules as to legal estates, either in fee or for life, would seem not to be subject to the objection that the limitation is in derogation of the estate." From which it will be seen that the court in that case was dealing alone with equitable life estates and not legal life estates. Here there was no equitable life estate, no trustee was ap-

pointed to manage the estate. As to legal life estates, our supreme court has never decided as to whether a restraint of alienation on them is valid or invalid. But by the weight of authority elsewhere it will be seen that such restraints are held to be invalid and void. *Mattison* v. *Mattison,* 53 Or. 254, 133 Am. St. Rep. 829, 100 Pa. 4, 18 Ann. Cas. 218; *Sprinkle* v. *Leslie,* 36 Tex. Civ. App. 356, 81 S. W. 1018; *Seay* v. *Cockrell,* 102 Tex. 280, 115 S. W. 1160; *Millard* v. *Beaumont,* 194 Mo. App. 69, 185 S. W. 547; *Blackstone Bank* v. *Davis,* 21 Pick. (Mass.) 42, 32 Am. Dec. 241; *Butterfield* v. *Reed,* 160 Mass. 361, 35 N. E. 1128; *Hunt* v. *Hawes,* 191 Ill. 343, 54 N. E. 395; *Henderson* v. *Harness,* 176 Ill. 302, 52 N. E. 68; *Ehrisman* v. *Sener,* 162 Pa. 577, 29 Atl. 719; *Verdier* v. *Youngblood,* 24 Am. Dec. 417; 24 Am. & Eng. Ency. Law, 870, and note.

In addition to the authorities cited in the original brief on the power of the chancery court to order a sale of an infant's property, and especially his land, we desire to cite the statute authorizing the guardian of a minor to sell the land for re-investment. Section 2419, Code 1906, Hemingway's Code, section 1980. Under this section the guardian is given the power, "where in the opinion of the chancellor or court, it is to the interest of the ward to convert any of his property, real or personal, into money for the purpose of changing the character of the investment, the court may, as in other cases, order it done, and how the money shall be reinvested." Also under section 2422, Code 1906, Hemingway's Code, section 1983, the guardian can petition the chancery court to sell the real estate of the ward, by making the next of kin parties to the suit.

Of course no such sale could be had under this proceeding, but this is a suit for construction of the will, and to determine under the provisions of the will that a sale could be had under any of these statutes, then proper proceedings will be instituted to make necessary parties to a suit for sale of land for reinvestment. The only time that these statutes have been under consideration as to life estates is in the case of *Robertson* v. *West,* 67 Miss. 213, 7

So. 224.   In that case a life estate was created by will
in money, with remainder to minor children.   A trustee
was provided to protect and administer the life estate for
benefit of life tenant and remaindermen.   The trustee
with the approval of the chancery court invested the funds
in land for the benefit of the life tenant during her life,
with remainder to the children.   An appeal was taken by
the guardian *ad litem* from the order of the chancellor
approving the purchase of the land with the trust funds,
the life tenant having died.   In this case the court merely
decided that sufficient reason had not been shown for in-
vesting the funds in land, because the facts did not make
the statute applicable.   But here we have a different state
of facts.   The proof shows conclusively that the property
does not provide sufficient income to pay the taxes and
keep the property in repair.   The chancellor finds as a
matter of fact that it is for the best interest of all the
parties to have the land sold; there are yet remaindermen
in all probability not *in esse,* and to hold that this prop-
erty cannot be sold until the youngest of these remainder-
men reach the age of twenty-one years, would practically
mean that some twenty-five thousand dollars worth of
property must remain for some thirty years without profit
to anyone, the improvements thereon to be allowed to
gradually go to waste as time passes, and finally defeat the
intention of the testator and instead of giving his wife and
children and his children's children the use and benefit
of the property, the objects of his bounty will be
forced to expend the funds that they themselves realize
from their labor to keep the property from going to
waste and thereby the property becomes a burden in-
stead of a benefit.   That such was not the intention of
the testator is clearly shown by the will where it provides
that the property shall not be sold until the death of Mrs.
Sudie C. Crawford, the widow.   This shows clearly that
the testator did not intend to restrain the sale of this land
until the youngest grandchild should reach the age of
twenty-one years.   While our court holds that the chan-
cery court has no inherent power to sell the lands of an

infant, contrary to the great weight of authority, still the statute giving the chancery court authority, through the guardian of the infant, to sell real estate of ward for reinvestment, does not limit to the estate in fee, and we think that a just and reasonable construction, as suggested in the case of *Clark* v. *Foster,* 110 Miss. 543, 70 So. 583, would be to hold that this statute authorizes the sale of any and all of the property of an infant, whether in fee, life estate or in remainder. It is a remedial statute and should be liberally construed in order to effect and apply the remedy intended; it does not limit the remedy to any class or kind of property, and the courts should not engraft exceptions on the statute.

*Jeff Busby,* for appellee.

The learned chancellor held that he was without powers, there being no statute giving him the power in this state, to direct a sale of the remainder interest of the minors in the property devised. While other questions are presented by the pleadings of appellants, it seems they have practically abandoned all save this one. In the brief for appellants counsel states: "There seems to be but little doubt that the will does not violate the statute against perpetuities and cites authorities, he does not insist on this point as being worthy of notice.

Appellants under division "2" in their brief cite a number of authorities on the point that the provision in the will which provides that his land shall not be sold during the life of Mrs. Sudie C. Crawford is a restraint on alienation and is therefore void. There are authorities for and against this view on wills and conveyances worded similar to this. This proposition is fully discussed in the case of *Kerns* v. *Carr,* — W. Va. —, 95 S. E. 606; L. R. A. 1918E 568.

An extensive note is appended to this decision in L. R. A. entitled "Validity of restraint on alienation of legal life estates" where many decisions are collated and dis-

cussed. This, however, is not the point in the case before the court. Has the court power to decree the sale of the interests of minors living and possibly others to be born, under the provisions of the will of N. B. Crawford, as applied to appellees? It seems that our supreme court has never passed on this question and the courts from other states are hopelessly divided on the question.

"It has been laid down by many authorities that courts of chancery have inherent jurisdiction to direct a sale, mortgage, or lease of the real property of infants, but other courts of equal authority and respectability deny that chancery has any such inherent jurisdiction." 22 Cyc. 563, citing many cases. See also the following late cases on this point: *Bayne* v. *Stratton,* 131 Ky. 494, 115 S. W. 728; *Williamson* v. *Mann,* 134 Ky. 63, 119 S. W. 232; *Coleman* v. *Stave Co.,* 112 Va. 61, 70 S. E. 545; *Webb* v. *Webb,* 178 Ky. 152, 198 S. W. 736; *Realty Co.* v. *Martin,* 216 S. W. 110; *Shaw* v. *Grines,* 218 S. W. 447; *In Re O'Connell,* 221 N. Y. 197, 116 N. E. 1001. Equity has no jurisdiction to decree a sale of infant's land for the mere purpose of reinvesting the proceeds. *Heady* v. *Crouse,* 203 Mo. 100—S. W. 1052.

There is another line of decisions which hold a contrary view. The decision of Alabama seems to lead all the rest, and the text of Cyc. (22 Cyc. 562, note 15) and R. C. L. (14 R. C. L. 269, sec. 43) seems to rely on these decisions for support. One of the leading cases expressing this view is *McCreary at al.* v. *Billings et al.,* 176 Ala. 314, 58 So. 311, Ann. Cas. 1915A. 561. Appended to this case in Ann. Cas., is a note covering the matter fully. A later Alabama case is that of *Martin* v. *Barnett,* 87 So. 324, where this doctrine is sustained. To the same effect, *Fairey* v. *Strange* (S. C.), 104 S. E. 325.

Since the supreme court of Mississippi has not passed on this point, and the authorities are in hopeless conflict on the question, to my mind it depends on which view our court adopts as to whether the decree of the learned chancellor should be affirmed or reversed. It seems to me that

the view taken by the chancellor is reasonable, fair and just and should be sustained, unless the property in question should be destroyed through deterioration before the remaindermen under the will, could come to their estate. This cause is therefore, respectfully submitted to the consideration of the court.

ETHRIDGE, J., delivered the opinion of the court.

Nathan B. Crawford, deceased, made a last will and testament in which he devised certain real estate to his wife, appellant Sudie C. Crawford, and to his two daughters, Josie Nace Crawford and Annie B. Crawford, together with three thousand dollars in money to each of these three. The will then provided that out of the balance of his estate all debts be paid, and, after placing monuments at certain graves, the balance of the property, real and personal, to be divided among nine other children, naming them. The will then appointed his son, John A. Crawford, and two sons-in-law, J. E. Logan and J. W. Logan, executors of the will without bond, with power to sell, lease or rent any and all of the testator's lands as in their judgment might be best; also made John A. Crawford guardian, without bond, of testator's two daughters, Josie Nace Crawford and Annie B. Crawford, until they reached twenty-one years of age. The will then provided:

"It is my will that my wife, Sudie C. Crawford, and my two daughters, Annie B. Crawford and Josie Nace Crawford, shall each be entitled to a one-third interest in the rents of the real estate herein conveyed to them, during the life of their mother, Sudie C. Crawford, and I will that said real estate shall not be sold during her life, and at her death her interest in the same shall go to Annie B. Crawford and Josie Nace Crawford, and at their death to their children, provided they have children, and if not, at the death of either Annie B. Crawford and Josie Nace Crawford, the surviving one sister shall have the property."

The bill filed in this case is filed by Mrs. Sudie C. Crawford, Mrs. Josie Nace Solomon, Mrs. Annie B. Rife, John

A. Crawford, J. E. Logan, and J. W. Logan, and makes the minor children of Mrs. Josie Nace Solomon and Mrs. Annie B. Rife defendants, all of whom were minors of tender years.

The bill alleges that the daughters named in the will have each married and have children (the same children being made defendants), and set forth that Mrs. Sudie C. Crawford is a resident of New Orleans, La., and sets forth that the property devised to Sudie C. Crawford and the said daughters, located in the town of Houston, Miss., is not worth anything as an investment to them; that the taxes, repairs, and other expenses incident thereto amount nearly to the whole of the rents derived therefrom, and that the property, although worth twenty-five thousand dollars is practically worthless to the complainants Sudie C. Crawford, Mrs. Josie Nace Solomon, and Mrs. Annie B. Rife; that said property is deteriorating in value, and it is to the best interest of all parties concerned to have said property sold and the proceeds invested in more profitable property.

The bill then alleges that the will makes a devise of land to a succession of donees then living exceeding two, and that by the provisions of said will the executors, John A. Crawford, J. E. Logan, and J. W. Logan, were authorized to sell any of the real estate belonging to the estate of said Nathan B. Crawford, which provisions complainants would show was not limited to any special real estate. The bill prays that the minor children of the daughters named in the will be made defendants, and that on final hearing the court would construe the will and determine the validity of the clause providing for the succession of donees under said will, and declare the said clause in said will to be against and contrary to the statute on perpetuities, and to declare Mrs. Sudie C. Crawford, Josie Nace Crawford Solomon, and Annie B. Crawford Rife to hold said title to said lands in fee simple, and they be authorized to sell and convey the same by deed, and, if mistaken in this relief, that the court will so construe the said will as

to authorize the executors to sell the real estate of said Nathan B. Crawford and to convey the said property, and, if mistaken in this, then the court to appoint a guardian for Edward Solomon, William Solomon, and Crawford Solomon, the only children of Mrs. Josie Nace Crawford Solomon, and Josie Rife and Annie Rife, the only children of Annie B. Crawford Rife, and that such guardian, under sections 2419 and 2420, Code of 1906, be authorized, together with the remaindermen and life tenants, to sell said real estate and invest the same in more productive real estate, the title to be taken and held under the same conditions, and provisions as provided for in the will, and that the court will construe the will and determine whether a' guardian can legally sell the land for reinvestment of proceeds.

The court below found that the property involved in said will was worth about twenty-five thousand dollars, that it was in bad repair, and that the taxes and expense of upkeep of the property is about equal to the income derived from the same, and that it would be, as a matter of fact, to the best interest of all the parties to have the property sold and the proceeds reinvested in more productive property, to be held under the same limitations as the estate that was devised in the will; that the will did not violate the statute against perpetuities, and that the court had no jurisdiction to order the sale of the property left to Mrs. Sudie C. Crawford with cross-remainder to her two daughters, said children now *in esse* being minors, with the possibility of other children being born in the future, and, it further appearing that the court would be without authority to order the sale of such property on the petition of the guardian if one was appointed, it dismissed the bill on which this appeal was prosecuted.

Section 159 of the state Constitution confers full jurisdiction on the chancery court of minor's business, and we see no reason why the chancery court would not have jurisdiction in a proper case to order the sale of property of minors held in remainder, 14 R. C. L., p. 270, section

43; *Goodman* v. *Winter,* 64 Ala. 410, 38 Am. Rep. 13; *Mc-Creary* v. *Billing,* 176 Ala. 314, 58 So. 311, Ann. Cas. 1915A, 561; section 2419, Code of 1906; Hem. Code, section 1980. We think, however, that the chancery court was without power to order the sale under the present will, because the will specifically provides: "I will that said real estate shall not be sold during her life," referring to the life of Sude C. Crawford, the wife of the testator.

It is urged by the appellant that this provision against alienation is void, but we think that it is not void, and that under the "two donee statute" (section 2765, Code of 1906; Hemingway's Code, section 2269) it is competent for a person making a will to limit the right of alienation during the period therein provided for. This seems to have been expressly held in *Leigh* v. *Harrison,* 69 Miss. 923, 11 So. 604; 18 L. R. A. 49. At page 935 of the Mississippi Report of this case, at page 606 of 11 So. (18 L. R. A. 49), the court said:

"The argument in favor of the validity of these limitations impresses us as both sound and conservative. Our statute against perpetuities would seem to express the whole legislative will on that subject, and to fix the limit which may not be exceeded, but within which restraints against alienation may lawfully be imposed—at least upon equitable estates for life—which, whatever may be the rule as to legal estates, either in fee or for life, would seem not to be subject to the objection that the limitation is not in derogation of the estate. We can perceive no reason why courts of equity, whose principles and administration give rise to and protect these estates, should not so mold and preserve the trusts declared, as to protect and give effect to trusts for improvident and spendthrift persons, who are objects of solicitude to their parents and friends. It is not more generally true that married women need the intervention of equity to protect their estates from the avarice and improvidence of husbands, than that the unfortunate class called spendthrifts require like restraint

from the consequences of their own vices and extravagance."

The testator had in mind a provision for his wife during her life which she could not alienate. It was his evident purpose to insure her a home during her lifetime at any and all times, and we do not think the statutes or public policy forbid placing a limitation upon alienation during the life of a particular person. It is true the testator could not foresee the consequences or situation that would develop. He no doubt weighed these considerations against other considerations of which he had to judge in making the provisions for his wife during her lifetime.

In view of the construction we have placed upon this provision of the will, under which property cannot be sold during the life of the appellant Mrs. Sudie Crawford, it will not be necessary to now decide whether the will would vest any estate in the children of the daughters as remaindermen or whether they would take the fee at the death of their mother. We will reserve decision upon this until the contingency arises making necessary decision on that point. *Liberty Bank* v. *Wilson,* 116 Miss. 377, 77 So. 145. This court held, in *Reddoch* v. *Williams,* 129 Miss. 706, 92 So. 831, that even where a will violated the statute, it was good up to the point where the statute is violated.

*Affirmed.*