## MONTROY et al. v. PHILLIPS.

[98 So. 775.  No. 23747.]

(Division A.  Feb. 4, 1924.)

1. WILLS.  *Life estate held subject to life tenant's debts.*

   Will creating life estates and directing that none of the life tenants "shall sell or incumber with a lien of any kind any of the property herein given, devised, or bequeathed, unless such sale be made to, or such incumbrance be in favor of, one or more of the devisees named in this will," did not protect the life estates from being subject to life tenants' debts.

2. WILLS.  *Intent to subject estates to restrictions on alienation or incumbrance or liability for life tenant's debts must be clearly expressed.*

   Where a complete estate is devised, no restrictions will be imposed against its alienation or incumbrance or liability for debts by operation of law unless the language of the testator clearly expresses such intent.

Appeal from chancery court of Coahoma county, First District.

Hon. C. L. Lomax, Chancellor.

Bill by E. B. Phillips, trustee, against J. M. Montroy, Jr., and others, to construe the will of J. M. Montroy, Sr., deceased. From the decree, defendants appeal. Affirmed.

*Flowers & Brown,* and *Brewer, Brewer & McGehee,* for appellants.

The question presented to the court for determination is whether or not, by the terms of Item 13 of the will of J. M. Montroy, Sr., deceased, there is imposed a valid restraint upon the alienation of the estate of J. M. Montroy, Jr., to the lands mentioned in item 8. If the restraint is valid, title to the life estate of J. M. Montroy, Jr., in the lands mentioned in item 8 of the will did not pass to the trustee in bankruptcy and he has no right to sell or dispose of the life estate, or to exercise any control thereover. If the restraint against alienation in item 13 is invalid, then, of course, the life estate of J. M. Montroy, Jr., passed to the trustee.

It is the duty of a court to which a will is presented for construction, to discover the will of the testator, and, it being found, if lawful, to effectuate it. The purpose of the testator in the will here under consideration seems to be clear.

It is the law in the state of Mississippi that restraint upon alienation is valid, provided it does not violate the statute of perpetuities. *Leigh* v. *Harrison,* 69 Miss. 923; *Crawford* v. *Solomon,* 95 So. 686.

Even in England the right of the testator to provide for the termination of the estate, or interest of the beneficiary, upon his bankruptcy or insolvency, if there be a limitation over to a third person of the estate, or benefit is recognized and upheld. *Cooper* v. *Wyatt,* 5 Mad. 489;

*The King* v. *Robinson,* Wright W. 393; *Shee* v. *Hale,* 13 Vesey, 404; *Brandon* v. *Robinson,* 18 Vesey, 432.

There is no limitation over to any third person or persons in item 13 of this will. There is no penalty in case the devisees violate its provisions. The restraint in Item 13 is expressed in very broad language. It is provided that the property shall not be encumbered with a lien of any kind. It would seem that this is all embracing. There are many kinds of liens. Some are contractual and others creatures of the statutes. The will says the property shall not be encumbered by a lien of any kind. This includes both contractual liens and statutory liens.

A restraint upon alienation would be worth nothing if it should be held only to apply to contractual encumbrances. It woud be an easy matter for the owner of a life estate to allow creditors to get a judgment and have the property sold under execution, or just as easily he could go into bankruptcy and have the property sold through the bankrupt court. A devise must be effectuated just as the testator intended it to be effectuated, provided there is nothing illegal or unlawful in the condition or restraint imposed. If the intention of the testator could be thwarted in this case by the bankruptcy proceedings, it would be practically impossible to make a valid restraint against alienation.

There is nothing illegal or unlawful in the restraint. The statute of perpetuities is not violated. The creditors have no right to complain. The property was not bought with their money. They knew, or should have known, that the property could not be encumbered in their favor. They had no claim on the property while in the hands of testator. If J. M. Montroy, Sr., had given nothing to his son, J. M. Montroy, Jr., the creditors could not be heard to complain. So how are the rights of the creditors infringed by the limitations imposed by the testator?

*F. H. Montgomery* and *J. H. O'Neal,* for appellee.

Item 13 of the will did not create a condition subsequent upon breach of which the estate of James Montroy, Jr., under the terms of the will was to terminate. There is nothing in this item of the will which even insinuates any purpose or intention upon the part of the testator to in any wise limit the estate granted to James Montroy, Jr., but the estate conveyed is clearly and unconditionally a life estate without limitation or restriction of any character.

The law is favorable to the vesting of estates and is adverse to their destruction. Consequently a stipulation in a conveyance or a devise will be construed, if possible, not to be a condition. The courts, by preference, construe language otherwise than as creating a condition, whenever such a construction is possible. The mere fact that a conveyance or devise states the purpose for which it is made, or defines the use to which the land is to be applied, does not raise, by implication, a condition that the grantee's estate shall be defeated if the property is not used in accordance therewith. 1 Tiffany's Modern Law of Real Property, sec. 68, 162; *Thornton* v. *Natchez,* 88 Miss. 1; *Soria* v. *Harrison County,* 96 Miss. 109; *Y. & M. V. R. R.* v. *Lakeview Traction Company,* 100 Miss. 281.

In the Mississippi cases above cited, the authorities are exhaustively reviewed and need not be noted here. Reading the will from any viewpoint, it is beyond question that the testator made no record of any intention on his part, either expressly or impliedly, that the life estate of James Montroy, Jr., should ever, under any circumstances, revert to the heirs or personal representatives of the testator.

To create an estate upon condition subsequent, the grant must contain the condition upon which the estate will be terminated in express terms, or by the clearest

implication, because such conditions are not favored in law, and no deed or will, will be so construed, unless the condition is clearly expressed, or necessarily implied, in the instrument itself. *Gadberry* v. *Sheppard,* 27 Miss. 203.

Even when a provision is stated in terms to be a condition subsequent, courts will determine not from the statement alone, but from the whole instrument, whether a condition was intended. *Thornton* v. *Natchez, supra.*

Where an estate or interest in lands is devised in clear and absolute language, without words of limitation, the devise cannot be defeated or limited by a subsequent doubtful provision in the will, inferentially raising a limitation on the prior devise. *Bills* v. *Bills,* 20 A. S. R. 418; *Barnes* v. *Sims,* 49 A. D. 435.

This rule was adopted by this court in the case of *Dean* v. *Nunally,* 36 Miss. 358. While the intention of a testator is the pole star to guide the court in construing wills, this intention must, and can only be gathered from the language employed. Where there is no ambiguity in the words there is no room for judicial construction. *Vamerson* v. *Culbertson,* 10 S. and M. 150.

Under every judicially established method of construing wills Item 13 can only be considered as precatory. 1 Thompson on Real Property, page 827, sec. 721; 28 R. C. L., page 242, sec. 207. Item 13 of the will does not provide that the estate devised by item 8 should be exempt from legal process for the debts of the devisee. Restraints against alienation will be strictly construed, and any restriction must be clearly expressed; and if there is any doubt as to the restriction, it must be excluded. 16 R. C. L. 852; 40 Cyc. 1717.

If item 13 of the will can be treated as a condition subsequent, the passage of the title to the property to the trustee in bankruptcy was an alienation by operation of law, and would not constitute a breach of the provision. 1 Perry on Trusts and Trustees, sec. 388, page 636. The law abhors forfeitures, and never declares a forfeiture

unless the language of the instrument expressly provides for it, or by necessary implication requires it.

It was not the act of the bankrupt which passed title to the property, but the operation of law. The insolvent debtor merely sought relief from his obligation by invoking the benefit of the Bankrupt Act, and nothing more. Then by operation of the law, and not by the act of the party, the title to his property passed to the trustee in bankruptcy. *Gazley* v. *Williams,* 52 L. Ed. (U. S.) 950; *Gazley* v. *Williams,* 14 L. R. A. (N. S.) 1199; *Randall* v. *Scott,* 42 Pac. 976; *Farnum* v. *Hefner,* 12 A. S. R. 174; *In re Pemewell,* 55 C. C. A. 571, 119 Fed. 139; Perry on Trusts and Trustees, sec. 322, page 635.

It may be admitted that the testator, if he had desired to do so, might have provided that a ''sale'' or ''encumbering with a lien'' of the estate devised, by operation of law or bankruptcy, by appropriate provision expressly set forth in the will, determined the estate devised. Such provisions are not unusual. But in all such cases the estate must be devised with a limitation over to a third person in case of breach of the condition against alienation. 1 Perry on Trusts and Trustees, sec. 388, page 635.

A complete answer to the contention of the defendants, is that the will does not contain any provision providing that the title to the property should pass by remainder to a third person, upon alienation or bankruptcy by the devisee. 1 Perry on Trusts and Trustees, sec. 386, page 627, et seq.

Argued orally by *C. L. Hester* and *J. N. Flowers,* for appellants, and *F. H. Montgomery,* for appellee.

Holden, J., delivered the opinion of the court.

The question involved in this case is the construction of three provisions of a will executed by James M. Montroy, Sr., deceased. The decisive inquiry is whether or

not the testator restrained the devised property from liability for the debts of the life tenant by the provision in item 13 of the will.

The suit is by bill filed by appellee Phillips, trustee in bankruptcy, to have certain provisions of the will construed so as to determine whether or not the life estate of Jas. Montroy, Jr., vested in the trustee in bankruptcy for the benefit of the creditors of James Montroy, Jr., or whether the life estate was such as could not under the will be subjected to the debts of the bankrupt; and from a decree declaring the life estate subject to the debts of the said Jas. Montroy, Jr., life tenant, and that it vested in the trustee in bankruptcy for the benefit of the creditors of Jas. Montroy, Jr., this appeal is prosecuted.

The bill alleged that Jas. Montroy, Jr., bankrupt, was the owner of an unconditional life estate in certain lands described in Coahoma county, title to which he had derived through and by virtue of the last will and testament of his father, Jas. Montroy, Sr.

The items of the will involved in this case are numbered 5, 8, and 13, which we shall here set out in their numerical order, to-wit:

Item 5. "All of my other property, real, personal and mixed of which I may die seized and possessed, other than the property hereinbefore bequeathed and disposed of by item previous to this item, I hereby give, devise and bequeath to my beloved wife, Mary E. Montroy, who was to me a devoted and loving wife, to have and to hold the same to her for and during her natural life, and during the term of her life I hereby direct that James Edward Montroy, I. J. Morris and J. C. Slater as joint trustees shall control and manage all of my said property so devised to my said wife during her natural life, and they shall pay over to my said wife any part of the income of said property which she may request to be paid over to her for her support, maintenance, comfort and support. It is my will that the said James Edward Montroy shall

be general manager of said property as one of said trustees, and that the said I. J. Morris shall keep all necessary books in the management of said property, and that the said J. C. Slater shall look after and manage all the farming affairs of said business under the supervision of the said James Edward Montroy.''

Item 8. ''I give and devise to my son James Montroy, Jr., the reversion and remainder of the following land owned by me in Coahoma county, Mississippi, to-wit: The north half of the northwest quarter (N. ½ of N. W. ¼), and the southeast quarter of the northwest quarter (S. E. ¼ of N. W. ¼) of section twenty (20), township twenty-nine (29) range three (3) west, and all profits income and advantages that may result therefrom, from and after the decease of my wife, Mary E. Montroy, to have and to hold the same unto the said James M. Montroy, Jr., for and during the term of his life, and at his death I hereby give and devise the remainder of reversion in said lands unto the heirs of his body, if any there be, and in default of issue of his body, then I give and devise the reversion or remainder of said land to my right heirs in fee simple.''

Item 13. ''It is my will, and I so direct that neither my said wife nor any of my said children named in this, my last will, shall sell or incumber with a lien of any kind any of the property herein given, devised or bequeathed unless such sale be made to, or such incumbrance be in favor of one or more of the devisees named in this will.''

It is contended by the appellee Montroy that the provision of item 13 of the will is a valid restriction against selling or incumbering the property with any kind of a lien unless such sale or incumbrance be made to one of the other devisees named in the will, and that the life estate devised could not be incumbered or sold or made liable in any manner for the debts of the life tenant. On the other hand, the appellee urges that the restraint against alienation of the life estate as provided in item 13 is void under the common law, for the reason that a com-

plete life estate cannot be restrained from alienation, nor exempted from the debts of the devisee, by the testator.

The appellant relies upon two cases to sustain his view, namely, *Leigh* v. *Harrison,* 69 Miss. 923, 11 So. 604, 18 L. R. A. 49, and *Crawford* v. *Solomon,* 131 Miss. 792, 95 So. 686. But we will not discuss these cases with the view of pointing out the difference between them and the case at bar, except to say that in the latter case the court was dealing with the question of whether or not the devisees could voluntarily alienate the estates devised to them, while here the question is whether the life estate devised may be subjected to the payment of the debts of the devisee. We may also say, in passing, that the two decisions referred to seem to deal with, or are at least affected with the nature of, trust estates or "spendthrift trusts," whereas in the case before us the legal title is completely devised to the life tenant. As we have said, however, it is unnecessary to review here the two decisions in the cases referred to, since our decision of the present case will be determined upon the question of whether the life estate is subject to the debts of the life tenant.

We are convinced the holding of the lower court was correct. The life estate here was subject to the debts of the life tenant, for the plain reason that the testator placed no restriction upon the devise as to liability for the debts of the devisee. The language used by the testator in item 13 only restrains the life tenant from selling or incumbering the property with a lien of any kind except to one of the other devisees in the will. If the testator had intended the property devised should not be subject to the payment of the debts of the devisee he could have, and should have, used the necessary language to express such intent; but all that he said and meant, in our judgment, was that the devisee could not voluntarily sell or incumber the property except to one of the other devisees. The liability and right to go against the property

of the life tenant for the debt arose by operation of law, and such liability or lien against the property was involuntary, which the testator did not see fit to provide against.

It is a well-settled rule that, where a complete estate is devised, no restrictions will be imposed against its alienation or incumbrance, or liability for debts by operation of law, unless the language of the testator clearly expresses such intent. It must conclusively appear that the testator intended to restrict alienation or restrain the full and complete enjoyment of the property.

It will be observed that we have omitted deciding the question of whether the restriction against alienation as contained in section 13 of the will is valid; nor have we decided whether or not a restriction against liability for the debts of the life tenant would be valid if item 13 of the will had contained such restraint; it being obviously unnecessary to pass upon these questions because item 13 contains no restriction against liability for debts arising by operation of law.

The judgment of the lower court overruling the demurrer and contruing the will is affirmed.

*Affirmed.*