ADAMS *v.* STRONG (LAMAR LIFE INS. CO., GARNISHEE).

(Division B.   Dec. 17, 1934.)

[158 So. 204.   No. 31485.]

Chas. **Richardson**, of Macon, for appellant.

Jno. F. Frierson, of Columbus, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The appellant, having obtained a judgment against the appellee, suggested and caused a writ of garnishment to be issued against the Lamar Life Insurance Company.

The insurance company answered the writ, setting up that it did not owe the appellee, Mrs. Strong, any sum, but that she was the holder and beneficiary in a certain life insurance policy issued by it to Charles Strong, deceased, under the terms and provisions of which policy it was provided that six hundred dollars should be paid at the death of Charles Strong to the beneficiary, Mrs. Strong, and same had been paid to her prior to the issuance of the writ of garnishment, and further provided for monthly payments of twenty dollars each for one hundred twenty months, on the 1st day of each month, until the full one hundred twenty-month installments had been paid; that said insurance company had paid to Mrs. Strong eleven installments of twenty dollars each, and that at the time the writ of garnishment was issued and served there were no past-due installments, but there became due an installment on November 1, 1933, in the sum of twenty-one dollars and fifty-six cents, and that on December 1, 1933, another installment for a like amount would become due, and that other installments would become due on the 1st day of each succeeding month until the remaining one hundred seven installments unpaid should be paid; that it had no other effects of Mrs. Strong under its control, or in its possession, and knew of no person having same. The answer further sets out that the insurance company is advised and believes that Mrs. Strong will claim that said sums payable to her under said policy are exempt from garnishment, levy, and execution or sale, and asks that she be summoned into court to claim such exemption. The insurance company attached a copy of the policy to its answer. This policy contained a clause reciting that: "The beneficiary cannot commute or assign future benefits unless this right shall be given by the Insured to the beneficiary in writing, and shall be indorsed on the contract by the

Secretary of the Company at its Home Office during the lifetime of the Insured."

Mrs. Strong filed her claim of exemption, and there was no showing of any agreement by the insurance company giving the beneficiary the right to anticipate the benefits, and no such indorsement was ever made upon the policy.

The case was submitted to the circuit judge without a jury, and was taken under advisement by him, and decided thereafter by rendering a judgment in favor of Mrs. Strong, and quashing the garnishment, from which judgment this appeal is prosecuted.

Section 5172, Code 1930, chapter 190, Laws 1924, reads as follows: "If, under the terms of any annuity contract or policy of life insurance, or under any written agreement, supplemental thereto, issued by any life insurance company, the proceeds are retained by such company at maturity, or otherwise, no person entitled to any part of such proceeds, or any installments of interest due, or to become due thereon, shall be permitted to commute, anticipate, encumber, alienate or assign the same, or any part thereof, if such permission is expressly withheld by the terms of such contract, policy or supplemental agreement; and if such contract, policy or supplemental agreement so provides, no payment of interest or of principal shall be in any way subject to such person's debts, contracts, or engagements, nor to any judicial processes to levy upon or attach the same for payment thereof. No such company shall be required to segregate such funds but may hold them as a part of its general corporate funds."

We think it was clearly the purpose of the Legislature to permit an insured to provide for his wife and dependents in such manner as to prevent the proceeds of life insurance policies from being applied to their debts, and to prevent the anticipation of installments.

There is some conflict in the decisions of the different states as to the effect of such a policy and such a statute. It would seem that the public policy of this state is to authorize a person to make provision for his dependents independent of any debts and obligations that they may make. This policy was clearly announced in the case of Leigh v. Harrison, 69 Miss. 923, 11 So. 604, 18 L. R. A. 49. See, also, Holmes v. Marshall, 145 Cal. 777, 79 P. 534, 69 L. R. A. 67, 104 Am. St. Rep. 86, 2 Ann. Cas. 88; Crawford v. Solomon, 131 Miss. 792, 95 So. 686; 25 C. J., sec. 118, and the authorities cited there.

It is a rule of construction in this state that statutes granting exemption in favor of families are to be liberally construed, and we do not think the statute quoted above was made solely for the benefit of the insurance companies to prevent vexatious litigation.

We have reached the conclusion that the judgment of the court below should be affirmed.

Affirmed.