RODGERS, Justice:
This case came to this Court from a decree of the Chancery Court of Monroe County, Mississippi, wherein the court interpreted the will of Arthur C. Kelly, and also directed that certain personal property belonging to the estate be sold to satisfy a devise in the will.
The record shows that Arthur C. Kelly died testate, leaving a will in which certain personal property was devised to his grandchildren, Rita Sue Patterson and Mike Kelly Patterson, and in addition thereto, the testator devised to them the sum of Two Thousand Dollars in cash. He gave a life estate in certain real property to his daughter, Evelyn Juanita Kelly Patterson, as hereinafter shown. Testator named his daughter Executrix of his will to serve without bond.
The Executrix brought two petitions in the Chancery Court of Monroe County. The first petition sought authority to sell certain personal property belonging to the estate for the purpose of paying the legacy *576 of Two Thousand Dollars due each of the testator’s grandchildren. The second petition requested the court to interpret the will so as to adjudicate and declare that the restrictions in the will against alienation of the home property of testator until the grandchildren of testator are forty-five years of age to be void, and that the restriction against the sale of timber on the home place should be declared void. The defendant-minors were duly summoned, and the chancellor appointed a guardian ad litem to represent the children. The guardian ad litem filed answers to the petitions. The answer to the first petition denied that the property listed in the petition was all of the personal property belonging to the estate, and affirmatively charged that there was other furniture belonging to the estate, and also a one-half interest in a certain trust deed which was not described in the petition.
The Executrix admitted in a response to the affirmative matter set out in the answer that certain personal property had been overlooked, but denied that the estate had any interest in the trust deed mentioned. She also denied that the estate had any interest in certain cash deposited to her name in two banks by the testator, and since it is now admitted that the estate has no interest in this cash, we shall not discuss this allegation further.
The two petitions were heard at the same time, and after both sides had introduced testimony and the trial was concluded, the chancellor dictated an opinion during the term, but later he took the matter under advisement for a decree in vacation. During vacation, the chancellor chánged his opinion before rendering a decree. In the first opinion, the chancellor decided that: (1) The deed of trust due by Willard Evans was owned jointly by Juanita Kelly Patterson and the Estate of A. C. Kelly, Deceased. He also held that one-half of the money paid on the trust deed to Mrs. Patterson and one-half of the balance due thereon should be placed in the assets of the estate. i(2) The chancellor held that certain furniture and property listed in the decree were a part of the estate. (3) He held that certain hospital insurance was made payable to Mrs. Patterson, and was not part of the estate. (4) He held that the restrictions on the sale of the real property were legal and binding on the court. Later, during vacation, and before the decree was entered, the chancellor decided that the restrictions against alienation of the home property of the testator were void and violated the rule against perpetuities and against alienation.
The Executrix, Mrs. Evelyn Juanita Kelly Patterson, appealed and has assigned as error the order of the court allowing the estate a one-half interest in the trust deed due from Willard Evans. The grandchildren of testator, Rita Sue Patterson Smith and Mike Kelly Patterson, have cross-appealed and contend that: First, the chancellor erred in holding that the hospital and medical benefits paid to the testatrix under a life insurance policy was not a part of the estate of the deceased testator. Second, they also contend that the court erred in holding that the provisions in the last will and testament of A. C. Kelly which prohibited the sale of certain real property until his two grandchildren reached forty-five years .of age were void.
We are unable to say that the holding of the chancellor was manifestly wrong in deciding that the proceeds of the life insurance policy were the individual property of the executrix. The policy was not made a part of the record, and the testimony is not sufficient for us to determine that the testator intended to change the beneficiary in the policy by the terms of the will.
After a review of the facts in this case and a study of the applicable law, we have decided that the conclusion .by the trial court was the correct solution in determining all of the issues presented, except that the second issue raised on cross-appeal requires a modification of the chancellor’s decree.
The question as to whether or not the terms of the will unreasonably restrained *577 the alienation of the testator’s real property has given this Court considerable concern.
Paragraph VI of the will of Arthur C. Kelly is as follows:
I devise to my only daughter, Evelyn Juanita Kelly Patterson, all of my real estate for her lifetime, with the right to cut timber, rent lands, cultivate lands, sell oil and gas leases and apply the proceeds of timber sales, rents, oil and gas leases, or any other proceeds to her own personal use, after taxes are paid and property kept in present state of repair; at the death of my only daughter, Evelyn Juanita Kelly Patterson, my real property is to go to my two grandchildren, Rita Sue Patterson and Mike Kelly Patterson, share and share alike. In the event either of them be not living at the death of their mother then the survivor takes all, but if the deceased grandchild leaves children they shall take their .deceased parents share, however none of my real property is to be sold until my two grandchildren Mike Kelly Patterson and Rita Sue Patterson reach forty five years of age. No timber on Block “D” Gattman, Miss, to be sold.
The chancellor found and adjudged that the provision in said will that “none of my real property is to be sold until my two grandchildren, Mike Kelly Patterson and Rita Sue Patterson reach forty-five years of age” is violative of the rule against restraints on alienation and void.
The two grandchildren of the testator filed a cross-appeal and assign as error the chancellor’s ruling that the provision against alienation was void.
The power of a testator to place restraints upon alienation and the limitations on such power are declared by the decisions of this Court interpreting Mississippi Code Annotated section 838 (1956), which is as follows:

Estates in fee tail prohibited.

Estates in fee tail are prohibited; and every estate which, but for this statute, would be an estate in fee tail, shall be an estate in fee simple; but any person may make a conveyance or a devise of lands to a succession of donees then living, and upon the death of the last of said successors to any person or any heir.
This statute appeared for the first time in its present form in the Mississippi Code of 1930. Theretofore it provided for a conveyance or devise of lands to a succession of donees then living, not exceeding two, and upon the death of the last donee, to the heirs of the body of the remainderman, and, in default thereof, to the right heirs of the donor, in fee simple. The 1930 amendment omitted the two-donee provision and permitted the conveyance or devise to a succession of donees then living, and upon the death of the last of said successors to any person or' to any heir. The development of the case law construing this statute occurred before it was amended, but the amendment did not affect the validity or applicability of the cases on restraints on alienation decided before the amendment.
In Crawford v. Solomon, 131 Miss. 792, 95 So. 686 (1923), it was stated that the statute (the forerunner of the present statute) expressed the whole will of the Legislature on the subject of restraints on alienation. The Court upheld as valid and binding the provisions of a will devising a life estate to his wife, with a prohibition against alienation of the property during her lifetime. Bratton v. Graham, 146 Miss. 246, 111 So. 353 (1927) followed Crawford v. Solomon, supra, and the validity of a restraint on alienation during the life of the life tenant was upheld. In Ford v. Smith, 162 Miss. 138, 137 So. 482 (1931), it was held that a testator could make valid provision against partition of the devised lands during the lives of the first succession of donees, then two in number. In Russell v. Federal Land Bank, 180 Miss. 55, 176 So. 737 (1937), the Court reviewed the cases on the subject and reaffirmed the construction placed on the statute, then known as the two-donee statute, and found the rule permitting restraints *578 on alienation during the lives of the first succession of donees under the statute was a sound one, and not hurtful to society. Compare cases collected in Annotation Restraint on Alienation, 42 A.L.R.2d 1243-1257 (1955).
In our opinion the statute prohibiting estates in fee tail did not at the time Crawford v. Solomon, supra, was decided, and does not now, by its terms, abrogate the common-law rule that disabling restraints upon the alienation of a legal life estate or fee are void. However, this Court has interpreted the statute as expressing the whole will of the Legislature on the subject. These decisions have become a part of the statute by its reenactment in several codes since Crawford v. Solomon was decided. Kittrell v. O’Flynn, 203 Miss. 164, 33 So.2d 628 (1948). The rule formerly adopted by this Court is contrary to the overwhelming weight of authority. 6 American Law, Property, § 26.16 (1952); Simes and Smith, Future Interests, § 1139 (1956); 6 Powell, Real Property, § 844 (1965); 4 Rest., Property, § 405 (1944). The decisions of this Court holding valid restraints on alienation during the lifetime of a life tenant have become embedded in the property law of the state; and at this time we find no reason to change the rule.
We are of the opinion, therefore, and so hold, that the restraint on alienation until the grandchildren are forty-five years of age is in excess of that permitted by the statute. The restraint on alienation may not exceed the life of the life tenant or a succession of life tenants living at the time the estate is created. In this case, Mrs. Patterson, appellant, is the only person in the succession of first donees, for at her death the gift over is complete. If Mrs. Patterson should die before the youngest of the grandchildren becomes forty-five years of age, the restraint provided for in the will would exceed that permitted by the statute.
 The question then arises whether we should apply the doctrine of approximation and adjudicate the restraint valid during the life of Mrs. Patterson, the life tenant, and invalid thereafter. In the case of Carter v. Berry, 243 Miss. 321, 136 So.2d 871, sugg. of error overruled, 140 So.2d 843, 142 So.2d 13, 95 A.L.R.2d 791 (1962), the Court had before it a question involving the rule against perpetuities, and the doctrine of equitable approximation; was applied so as to carry out as nearly as possible the intention of the donor and to preserve the purpose of the rule against perpetuities by invalidating only those interests which vested too remotely. For the same reasons expressed in Carter v. Berry, supra, we apply the approximation doctrine so as to give effect to the intention of the testator to the extent the law permits. The underlying purposes accomplished by the rule against perpetuities and the rule against restraints on alienation are the same. By upholding the restraint upon the sale of the property in question during the lifetime of the life tenant, the dominant intention of the testator is carried out, and by not permitting the restraint to be exended beyond her lifetime, the integrity and usefulness of the rule against restraint on alienation is preserved. We hold, therefore, that the testator’s provision that the property shall not be sold until his grandchildren are forty-five years of age is adjudged to be invalid to the extent, and only to the extent, that such restraint exceeds the lifetime of Mrs. Patterson, the life tenant. To this extent, the chancellor’s decree is modified.
A motion has been filed by the Guardian, ad litem, requesting this Court to allow an additional attorney’s fee for his services on appeal, and we are of the opinion that this motion should be sustained. An order will be entered allowing Dewitt T. Hicks, Jr. an additional fee in the sum of $187.50 as attorney and guardian, ad litem, which sum is to be paid out of the estate of Arthur C. Kelly, Deceased.
*579 The decree of the chancery court in the foregoing estate proceedings is hereby affirmed as modified, and remanded for further proceedings consistent with this opinion.
Affirmed as modified and remanded for further proceedings.
GILLESPIE, P. J., and JONES, PATTERSON and INZER, JJ., concur.