CHARLOTTE McKENZIE *v.* CHARLOTTE A. JONES, Guardian, &c.

1. ESTATE: IN TAIL, SPECIAL: CASE IN JUDGMENT.—A gift to A, "in trust for the grantor's wife and the heirs of her body by the grantor begotten or to be begotten," creates an estate in special tail in the wife by the common law, and is a fee by our statute; and the words, "heirs of her body," &c., are words of limitation and not of purchase.

APPEAL from the Chancery Court of Wilkinson county. Hon. Hiram Cassidy, chancellor.

*Van Eaton* and *Dillingham,* for appellants,

Cited *Carradine* v. *Carradine,* 33 Miss. R. 729; Prest. on Estates, 384, 474, 411, 418; 4 Kent's Com. 124; *Jesson* v. *Wright,* 2 Bligh; 1 Jarm. on Wills, 282; *Poole* v. *Poole,* 3 Bos. & Pull. 627; *Powell* v. *Brandon,* Miss. R. 362.

*James M. Smiley,* for appellee,
Cited 4 Kent's Com. 231; *Doe* v. *Provost,* 4 Johns. R. 61.

HANDY, J., delivered the opinion of the court:

The bill in this case shows, that in the year 1825 Peter McKenzie executed a deed in trust, which was duly acknowledged and recorded, whereby, in consideration of natural love and affection for his wife Charlotte McKenzie, and for divers other good considerations, he conveyed certain real and personal estate to one Williams, in trust, in these words: "in trust for my said wife Charlotte McKenzie, and *the heirs of her body by me begotten or to be begotten;*" that Peter McKenzie died in the year 1846, leaving his widow Charlotte McKenzie, and several children, among whom was the mother of the complainants, who is now deceased, a daughter of said Peter and Charlotte; that the trustee is dead, and since his death that Charlotte McKenzie has had the possession and use of the property conveyed in the deed, and that neither the complainants nor their mother have received any part of the rents, issues and profits of the same. The bill

claims an interest in the property to the complainants in right of their mother, prays an account, and the appointment of a trustee to execute the trusts of the deed. A demurrer was filed to this bill and overruled, and from that decree this appeal is taken.

The only question now raised for decision is, what estate did the *cestui que trust* take under the deed.

It is insisted, in behalf of the appellant, that the effect of the limitation to Charlotte McKenzie "and the heirs of her body," was, by the common law, to create an estate tail, and by operation of our statute an absolute estate was vested in Charlotte McKenzie, the first taker.

On the contrary, it is contended that the effect of the words, "by me begotten or to be begotten," is to specify the individuals who were to take the estate jointly with the wife, and to vest the estate in his wife and *her children* begotten or to be begotten by him, and hence that it is not an estate tail, but a specific designation of the persons to take.

But it is very clear that these words create an *estate tail special.* 1 Co. Litt. 20, b; 2 Ld. Raym. 1153; Preston on Est. 486. It is a limitation to the heirs of their bodies *jointly begotten*, which is plainly an estate tail, and the words here employed are words of limitation and not of purchase.

The decree below is contrary to this view, and it must be reversed and the bill dismissed.