JOHN C. SUDDUTH ET AL. *v.* SARAH R. SUDDUTH.

LIMITATION OF ESTATES. *Fee tail. Fee simple.*

A conveyance to a trustee which limits a use to a woman and the heirs of her body to be begotten by her husband, the grantor, creates, under the statute *de donis,* a fee tail, which, by the statute of this State, is converted into a fee simple.

APPEAL from the Chancery Court of Oktibbeha County.

Hon. F. A. CRITZ, Chancellor.

On May 7th, 1871, Benjamin P. Sudduth executed a deed of trust, whereby he conveyed land and other property to John C. Sudduth, trustee for the grantor's wife, who was the party of the third part in the deed, " to have and to hold said property to the use of said party of the third part, and to her only use, benefit and behoof, and her heirs begotten with said

party of the first part.'' The grantor added that his intention was that, if she died without such heirs, the property should revert to his heirs at law. Benjamin P. Sudduth is dead, and this bill was filed and an issue properly raised to obtain a construction of this trust-deed.

*M. R. Butler* and *Wood & Wood,* for the appellants.

The property goes, at Mrs. Sudduth's death, to the heirs of her deceased husband, the relation being determined by the statute in force at the time when the trust-deed was executed. A subsequent statute is inapplicable.

*Muldrow, Nash & Alexander,* for the appellee.

Under the instrument, Mrs. Sudduth took a fee simple. This results from our statute (Code 1857, p. 307, Art. III.), because the estate for life, with the remainder in a particular line of heirs, by the same instrument created a fee tail under the rule in *Shelley's Case (McKenzie* v. *Jones,* 39 Miss. 230), and our statute converted this into a fee simple.

Cooper, J., delivered the opinion of the court.

By the conveyance to the trustee there was limited a use to Sarah R. Sudduth and the heirs of her body, to be begotten by her then husband, the grantor. This, under the statute *de donis,* would have been a fee tail, and by our statute is converted into a fee simple. *McKenzie* v. *Jones,* 39 Miss. 360.

The decree is affirmed.