## LIBERTY BANK *v.* WILSON ET AL.

[77 South.   145, Division A.]

1. DEEDS.    *Construction. Estate created.   Applications of rule in Shelley's Case.   Code* 1906, *section* 2776.

   Neither the rule in Shelley's Case nor section 2776, Code 1906, abolishing it have any application when the grant to the grantee is not "for life with remainder to the heirs of her body," but to her and the heirs of her body.

2. DEEDS.    *Estate tail.   Conversion into fee simple.*

   At common law a grant to A and the heirs of his body conveyed a fee conditional; under the statute *de bonis conditionalibus* it conveyed a fee tail, but under section 2765, Code 1906, Hemmingway's Code, section 2269, it conveys a fee simple.

3. JUDGMENT.    *Parties.   Persons not before the court.*

   Whether or not a provision in a deed that "in the death of my daughter W, without heirs born to her, then this land revert to one of my heirs," is a gift over of the land in the event of the death of W without such heirs, cannot be presented to the court for decision until that event happens and the person to then take, should this provision be held to be a gift over, is before the court.

APPEAL from the chancery court of Amite county.

HON. R. W. CUTRER, Chancellor.

Suit by the Liberty Bank against Mrs. Hattie C. Wilson. From a decree sustaining a demurrer and dismissing the bill, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Price & Price* and *C. T. Gordon,* for appellant.

*Bramlette & Bramlette,* for appellees.

SMITH, C. J., delivered the opinion of the court.

On the 28th day of October, 1894, W. J. Hurst executed and delivered to his daughter, Mrs. Hattie C. Wilson, a deed reciting that:

"For and in consideration of the love and affection I have for my daughter, Mrs. Hattie C. Wilson, I hereby convey and warrant unto her and the heirs of her body, the following described land in said county and state, to wit (here describing the land), a part of this consideration that in the death of my daughter, Mrs. Hattie C. Wilson, without heirs born to her, then this land revert to one of my heirs."

Appellant claiming to be the owner of the land in fee by mesne conveyances from Mrs. Wilson, who is still living, exhibited its bill in the court below against Mrs. Wilson, her three children, Maybe, Minn, and P. N. Wilson, W. D. Hurst, Eugene Hurst, and J. H. Hurst, who are alleged to be heirs of W. J. Hurst, deceased, alleging that they claim an interest in the land by virtue of the deed from W. J. Hurst to Mrs. Wilson, and prayed that their claim thereto be canceled. The only response to this bill was made by the three children of Mrs. Hattie C. Wilson by way of demurrer, which demurrer was sustained and the bill dismissed as to them; this being the only order or decree entered in the cause.

Appellees, who are the children of Mrs. Wilson, claim as remaindermen under the deed to Mrs. Wilson from Hurst, that is, that this deed conveys an estate for life to Mrs. Wilson with remainder in fee to the heirs of her body, and cite in support thereof section 2776, Code of 1906, by which the rule in Shelley's Case is abolished, and which provides that:

"A conveyance or devise of land or other property to any person for life, with remainder to his heirs or heirs of his body, shall be held to create an estate for life in such person, with remainder to his heirs or heirs of his body, who shall take as purchasers, by virtue of the remainder so limited to them."

Neither the rule in Shelley's Case nor the statute abolishing it have any application here for the reason that the grant is not to Mrs. Wilson "for life with remainder to the heirs of her body," but to her and the heirs of her body.

At common law a grant to A. and the heirs of his body conveyed a fee conditional. Under the statute *de bonis conditionalibus* it conveyed a fee tail, but under section 2765, Code of 1906, Hemingway's Code, section 2269, it conveys a fee simple (*Jordan* v. *Roach,* 32 Miss. 603; *McKenzie* v. *Jones,* 39 Miss. 230; *Sudduth* v. *Sudduth,* 60 Miss. 366; *Wallace* v. *Wallace,* 75 So. 449); and such is the estate here conveyed to Mrs. Wilson, and now vested in appellant.

Whether or not the provision in the deed that "in the death of my daughter, Mrs. Hattie C. Wilson, without heirs born to her then this land revert to one of my heirs" is a gift over of the land in the event of Mrs. Wilson's death without such heirs, is not presented to us for decision and cannot be unless and until that event happens and the person to then take, should this provision be held to be a gift over, is before the court.

The decree of the court below will be reversed, the demurrer will be overruled, and the cause remanded, with leave to appellees to answer, if they so desire, within thirty days after the filing of the mandate in the court below.

*Reversed and remanded.*