STIGLER *et al. v.* SHURLDS *et al.*

[95 South. 635. No. 22953.]

1. WILLS. *Devise for life with remainder to heirs or heirs of body creates estate for life with remainder in fee simple to designated class.*

Under sections 2269 and 2280, Hemingway's Code (sections 2765 and 2776, Code 1906), a devise of land to a person for life, with remainder to his heirs or heirs of his body, creates an estate for life in such person, with remainder in fee simple to his heirs or the heirs of his body.

2. PERPETUITIES. *Devise of remainder in fee vesting upon death of the first life tenant held valid.*

Section 2269, Hemingway's Code (section 2765, Code 1906), which provides that a person may make a conveyance of lands to a succession of donees then living, not exceeding two, and to the heirs of the body of the remainderman, and, in default thereof, to the right heirs of the donor, in fee simple, is not violated where it is possible for the remainder in fee to vest upon the death of the first life tenant.

APPEAL from chancery court of Holmes county.

HON. T. P. GUYTON, Chancellor.

Suit by Mary Ella Stigler and others against John S. Shurlds and others. From a decree sustaining a demurrer to the bill and dismissing it, plaintiffs appeal. Affirmed.

*Noel, Jordan & Neilson,* for appellants.

1. "Time Runs from Date of Testator's Death." "A will does not become effective until the death of the testator. Until then, it is ambulatory in character and revocable at pleasure. No disposition by will can take effect during the testator's lifetime. So, with devises and bequests, in determining the time until which the vesting of an estate or interest in property may be postponed or its alienation restricted, the time is computed from the date of the death of the testator."

2. Commentaries on Wills, Alexander, p. 1681-2. Under this authority is given a note citing about twenty cases, and with no conflict. "It is the well settled general rule that wills should be construed to speak and take effect as if executed immediately before the death of the testator, unless a contrary intent shall appear." Citing numerous authorities. 28 R. C. L. 234, sec. 196. These absolutely established legal principles destroy the whole basis upon which rests appellee's contention of the validity of the will.

II.   Common Law Rule Against Perpetuities. "To constitute a valid executory devise, at the common law, the contingency upon which it is to take effect must occur within a life or lives in being and twenty-one years and ten months thereafter." See *Caldwell* v. *Willis,* 57 Miss. 555. *Thomas* v. *Thomas,* 53 So. 633.

It is not only possible to conceive, at the time of the death of testatrix, that her daughter would marry and would have children and that those children, possibly a half a dozen or more, might live to the allotted three score years and ten, but it actually was demonstrated that the marriage did occur, and that one child was born and is now living, and may live to ninety years old. Therefore, the attempt of the will to perpetuate testatrix's control of her property beyond the life of her daughter, and through the lives of the daughter's children, invalidated the will,

being clearly violative of the common law doctrine just mentioned.

Then again, looking to the provision of section 2269, Hemingway's Code (2765 Code, 1906), we see that the provisions in the will palpably exceed the limitation therein provided. It attempts to create, in the event of marriage, and issue of marriage, three life estates at least two successively, and one to a person, the daughter not then living, with remainder over not to the right heirs of testatrix, who were her living nephews, but to the children of these nephews, who were not her right heirs, nor at that time, heirs at all. The three life estates were to the daughter, to her husband, whose use of the property was direct, not through any trustee, and phrased in the same terms as that providing for the daugter, and the third the unborn child. There could not be a more palpable violation of the statute against fee tails. The application of this statute is not a matter of discretion, but one of absolute law. As stated in *Jordan* v. *Roach,* 32 Miss. 481, cited in our original brief: "It may with certainty be affirmed, that there is nothing in the proviso or upon the face of the statute, or within its equity, nor any consideration arising from the policy indicated by the law, from which the authority can be inferred to limit an estate upon a contingency which is not to happen within the compass of time prescribed by the proviso . . . of the statute."

"When we assert the want of power, we decide upon the invalidity of the grant or devise, and if we test the validity of the limitation in question by the provision of the statute it is seen clearly, that it is not only unwarranted by it, but repugnant to the obvious policy of the law."

III. All Provisions of Law in Restraint of Alienation Must be Strictly Construed. This doctrine is so firmly established that it hardly needs citations for its support. It is upheld by this court in *Orrell* v. *Bay Manufacturing Co.,* 83 Miss. 500, 76 So. 561.

IV.  The Law Favors Vesting of Estates at the Earliest Moment.  *Branton* v. *Buckley,* 54 So, 850; 28 R. C. L. 192, at page 231.

V.  The Law Favors the First Taker.  "In case of doubt, the construction of a will should be in favor of the first rather than of the second taker.  This is due to the fact that it is contrary to the policy of the law to tie up property, and because the first taker under a will is presumed to be the favorite of the testator."  Citing authorities.  28 R. C. L. p. 230, sec. 191.  A devise to one for her natural life, and at her death to the heirs of her body, conveys the fee to the first taker.  *Harris* v. *McCann,* 75 Miss. 805, 23 So. 631.  Likewise, a devise of all property to a sister of testator, although it be followed, in the will, immediately by the words "at her death, her heirs are to have it," gives fee to the first taker.  *Harvey* v. *Flowers,* 91 Miss. 242, 45 So. 571.

## CONCLUSION

We deem it unnecessary to discuss the four statutes set forth on pages 8 and 9 of appellee's brief.  The first cited nearly eliminates any necessity for use of words of inheritance in a deed.  The second abolishes fee tails and places limitation upon the control of estates.  The third merely abolishes the rule in Shelley's Case.  And the fourth makes clear certain terms of doubtful signification, but they all go together and are free of conflict.

We likewise deem it unnecessary to discuss the case of *Henry* v. *Henderson,* 69 So. 33, and other like cases, creating trusts, depriving beneficiaries of any control over the estate and making their interests mere charges, with remainders over.

The case of *Liberty Bank* v. *Wilson,* 116 Miss. 377, has no application, because on then existing conditions, the complaint had no right or claim, a mere possibility, in the case of death of several children.

We represent Mrs. Stigler, her husband and her child, who are appealing to this court for a construction of the will, against the adverse claims of appellees, who seek to hold the ultimate ownership in suspense, possibly for seventy years to come, certainly until after the deaths of Mr. and Mrs. Stigler and of all of their children, which constitutes a cloud on the title of Mrs. Stigler, and on the beneficial ownership. If the title, under the law, vests in Mrs. Stigler, the child can have no complaint, for her future is secure in that of her mother. If it clearly vests in the child, that will be entirely satisfactory to the father and mother. Under the amended bill and the answers of Mr. Stigler and of the child, through its guardian *ad litem,* we submit that a final decision should now be rendered, and confidently hope that it may vest a fee in the mother or daughter, either of which vestitures will be entirely satisfactory to us and to the adult appellants.

*Booth & Pepper,* for appellees.

As the will in our judgment does not create an estate tail in Mary Ella Lyons Stigler, we contend that Sections 2765 Code 1906, Hemingway's Code, 2369, and the other authorities cited on page 3, brief of opposing counsel, are inapplicable, as we will undertake further on to show, and will then answer briefly point II of opposing counsel.

As to point III, we answer that we have raised no question in our demurrer, as to the jurisdiction of courts of equity to construe wills, and to remove clouds on titles, whether arising out of the language of wills or otherwise. The demurrer and objections extend not to the construction of the will by the court, but to the construction placed upon the will by opposing counsel which they would have the court adopt. There are other provisions of law bearing upon the questions at issue in this cause which counsel for appellant do not cite or refer to, and which we will quote in this argument.

As to point IV, we state that no question of the failure of appellant to deraign title has been raised by us in either demurrer or brief, and it was foreign to any thought or intention on our part to raise any such question.

The will of Mrs. Mary Lyons cannot properly be construed as in violation of Section 2765. The case of *Banking Co.* v. *Field,* 84 Miss. 646, is cited by us as adverse to such a contention, and it declares that the object of the statute prohibiting estates tail is to prescribe a limit of time beyond which the vesting of the estate in fee cannot be suspended, but within that limit it permits the exercise of unbounded discretion by the donor; and that the statute prescribed a limit of time and not a formula of conveyancing.

We call attention to the fact that section 1189 Revised Code of 1880, is identical with section 1, article 2, chapter 26, Revised Code of 1857, page 306, and section 2268 Hemingway's Code, section 2764 Code 1906, which opposing counsel quote approvingly with section 2765 Code 1906, and says: "These statutes are to be considered as read into wills as parts thereof, annulling everything in such wills, contrary thereto, and giving them a proper and legal construction and effect."

Sections 1201 and 103, Code of 1880, cited by the court in the case of *Banking Co.* v. *Field,* are identical with sections 2280 and 2282, Hemingway's Code, sections 2776 and 2778, Code 1906. These statutes construed together, as they should be, settled beyond controversy the instant case, against the contention of opposing counsel. However, as sections 2268, 2280, and 2282, Hemingway's Code, and being the same as sections 2764, 2776, and 2778, Code of 1906, have been construed by our supreme court, let us see what construction has been placed upon them.

First, we refer to a decision under revised Code 1857, page 306, section 1, article 2, which is the same as section 1189, Code 1880, and section 2268, Hemingway's Code,

and section 2764, Code 1906, quoted on page 6 of the brief of opposing counsel. *Busby* v. *Rhodes,* 58 Miss. 237.

In *Sims* v. *Congor et al.,* 39 Miss. 231, the court held that after attaining his majority the son of the testator took an estate in fee, determinable upon his dying without issue, and upon the contingency and executory devise was limited to other devisees, and that upon the son's death without issue they were entitled to the estate. In this case the position of the other devisees named was the same as that of the ulterior limitees in the case at bar. We call attention to the fact that article 8, page 307, Code of 1857, cited by the court in *Busby* v. *Rhodes,* is identical with section 2282, Hemingway's Code, and section 2778, Code of 1906.

In the case of *Banking Co.* v. *Fields,* the Court held, that under section 1203, Code 1880, changing the common law and providing that a clause in a deed or a will vesting title to one person in case of the death of another, without issue of his body, shall be held as a limitation to take effect when the person named shall die without issue of his body living at the time of his death or born to him within ten months thereafter, unless the intention of the limitation be otherwise expressly and plainly declared on the face of the instrument creating it.

In the case of *Bell* v. *Phelan et al.,* 94 Miss. 293, where the testator gave half of his property to his wife for life, then to his daughter and the other half to the daughter for life, and provided that on her death without issue, or on the death of the issue before marriage or becoming of age, the whole property given to the daughter "all for life" should go to others. The daughter took only a life estate, which could not be enlarged by construction into a fee on the birth of issue, and her children by implication took the fee.

The definition of an estate tail given by opposing counsel from Alexander on Wills is correct as far as it goes, but it does not go far enough to explain the distinguishing features of an estate tail which cannot be found in the will of Mary Lyons.

In 3 Words & Phrases, pages 2491 and 2492, are numerous definitions of an estate tail from various sources, and in all of which the words "heirs" or "heirs of his body" are used.

*Jordan* v. *Roach cited* by opposing counsel, is referred to as holding that "its character is never changed by the descent through any number of generations." The peculiar characteristic of the measure of the estate by the continuance of issue, and its quality, to determine only on the failure of issue, evidently meaning the indefinite failure of issue some time in the far distant future.

The words "heirs" and "heirs of her body" are unlimited terms and no such terms are used in the will of Mary Lyons. A lucid description and definition of an estate tail is found in 10 R. C. L. pages 656 and 657, and how created on page 659. Statutes in *pari materia* must be construed together, is a well settled elementary rule. 4 Words &. Phrases, page 3478.

Construing the statutes bearing upon the questions in this cause together, in connection with the decisions construing them, we must conclude that they are harmonious, and that section 2282 Hemingway's Code, and section 2279 Code of 1906, effectually precludes the enlargement of the life estate of the appellant in this case. It is also conclusive that her daughter Mary E. Stigler (and other children, if any are born) if she or they survive her, take an estate in fee determinable upon she or they dying without issue, and upon that contingency the ulterior limitees will take the absolute fee.

According to our judgment and contention, the husband can never claim anything under the will, nor is he entitled to anything under the will unless his wife survives the daughter now living and all children, if any, that may be born to her in the future.

The case of *Davenport* v. *Collins*, cited by opposing counsel, is not applicable to the will in question that the words "heirs" and "heirs of the body" were used by the testator

and the statute against perpetuities was plainly violated before life tenancies to the devisees not living were reached, and the attempt to create life estates was therefore futile.

We respectfully submit, that the reasoning of opposing counsel in the last paragraph on page 7 is unsound. There is no succession of the husband as to the estate devised. Under the will, he in no event takes an interest in the corpus of the estate, but in a contingency named, can get the usufruct during his life, and at his death the absolute fee would vest in the ulterior limitees; all of whom are living, as tenants in common. Then again, under the will if there are no children, nor the husband surviving, on the death of the appellant, a fee simple absolutely would at once vest in the ulterior limitees.

And the case of *Nicholson* v. *Fields,* cited by opposing counsel is not on a parallel with the case at bar, and is not applicable.

In conclusion we refer to our contention that the proceedings instituted by the appellant in the chancery court is premature, and that the courts having jurisdiction cannot now consider and adjudicate the rights of all persons now before the court, with reference to the contingencies which may arise under the express language of the will, some of which may never happen. The case of *Liberty Bank* v. *Wilson,* 116 Miss. 377, hereinbefore referred to, in our judgment settles the question.

Whatever may be the relative rights of appellant and the defendants, one and all, we earnestly contend that according to the authorities cited by us, and particularly sections 2776 and 2778, Code 1906, the life estate given to appellant by the will can never be enlarged into an absolute fee simple estate and that therefore the purpose of her will fails, the demurrer should be sustained and the bill dismissed; and the decree of the court below affirmed.

SYKES, P. J., delivered the opinion of the court.

The appellant Mrs. Mary Ella Stigler seeks by her bill in chancery to cancel as a cloud upon her title to certain

lands the claim of her daughter and the other defendants. The rights of all of these parties are measured by a proper construction of the will of Mary Lyons, the mother of the appellant; consequently it is necessary to in part construe this will. The material part of it is as follows:

"I devise and bequeath all the property that I may own at my death, both real and personal, to my daughter, Mary Ella Lyons, who is now single and without lawful issue, during her lifetime, she to have and enjoy without let or hindrance all the revenues derived from my property after paying all the debts I may owe at my death. If my daughter, Mary Ella Lyons, shall die without leaving any children, it is my will that all my property be divided equally between Kate Shurlds, daughter of John S. Shurlds, and the surviving children of Robert E. Shurlds, unless she shall have married and leave a husband surviving her, in which event her husband shall have the revenue accruing from my property during his lifetime, after which it shall revert to Kate Shurlds and the surviving children of Robert E. Shurlds, share and share alike, as aforesaid. In the event my daughter, Mary Ella Lyons, shall leave children surviving her they shall inherit all my property, but if they should die without lawful issue, it shall then revert as hereinbefore provided."

The appellant contends that the will violated section 2269, Hemingway's Code (section 2765, Code of 1906), in two particulars: First, that an estate in fee tail is devised; and, second, it makes devises to a succession of more donees than is allowed under the second part of this section.

The chancellor sustained the demurrer to the bill and dismissed it, from which decree this appeal is here prosecuted.

We are only called upon on this appeal to decide what estate is devised to the appellant under this will. The appellant is a daughter of the testatrix. Her maiden name as shown by the will is Mary Ella Lyons. By the first

part of the will all of this property is devised and bequeathed to this appellant during her lifetime. It is also perfectly plain that it was the intention of the testatrix that if Mary Ella Lyons died without leaving any children, and also without leaving a husband surviving her, to devise the remainder in fee simple to the Shurlds, appellees. There are also other contingencies provided for in the will that it is unnecessary to notice on this appeal.

If this be an estate in fee tail, under section 2280, Hemingway's Code (section 2776, Code of 1906), which abolishes the rule in Shelley's Case, this appellant was only devised a life estate, and her daughter as remainderman would take an estate in fee simple under this and section 2269, Hemingway's Code (section 2765, Code of 1906). *Liberty Bank* v. *Wilson et al.,* 116 Miss. 377, 77 So. 145.

Neither does it violate the second part of section 2269, Hemingway's Code (section 2765, Code of 1906), in the contingency stated above; that is, if this appellant die without leaving a child or a husband, the ultimate limitees would take the estate in fee simple.

It is not necessary to consider all of the provisions of the will and to say whether under any of the contingencies therein mentioned the second part of this statute is violated. These questions cannot be considered until these contingencies arise and a proper case is then presented to the court for decision. *Liberty Bank* v. *Wilson, supra.* All that we are now called upon to decide, and all that we do decide, is that under this will this appellant only takes a life estate in the property devised.

The decree of the lower court is affirmed.

*Affirmed.*