RUSSELL *et al. v.* FEDERAL LAND BANK *et al.*

(Division B. Nov. 1, 1937. Suggestion of Error Overruled Dec. 13, 1937.)

[176 So. 737. No. 32786.]

J. M. Travis, of Meridian, and R. L. Bullard, of Hattiesburg, for appellants.

58

Watkins & Eager, of Jackson, and **Herbert M. Fant** and **W. L. Pack**, both of New Orleans, La., for appellees.

Argued orally by **J. M. Travis**, for appellant, and by **W. H. Watkins, Sr.**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

On August 1, 1928, S. D. Russell and his wife, Kate Russell, appellants here, gave a deed of trust to the Federal Land Bank of New Orleans, La., to secure a loan of $18,000, on the following property: The S. W. ¼ and N. E. ¼, and N. E. ¼ of N. W. ¼, and N. ½ of S. E. ¼, and N! ½ of S. W. ¼ of S. E. ¼, of Sec. 14; all of Sec. 15; the N. E. ¼ of Sec. 16; the W. ½ of the N. E. ¼, and the E. ½ of the N. W. ¼ of Sec. 22, all in Twp. 3 N., R. 12 E., containing, in the aggregate, 1,420 acres more or less, in Jasper county, Miss. This suit was brought to foreclose the deed of trust and cancel the claims of the appellant. In the application for said loan by S. D. Russell, it was stated that: "For the purpose of procuring said loan I have

submitted this application to the bank and hereby represent and guarantee that the statements contained herein are true and correct, and that I have suppressed no information about the property described which would adversely affect its value. I further represent and guarantee that no suits are pending or judgment unsatisfied against me in any court of record in this State or the United States, and that there are no encumbrances or liens against the property described . . . I further represent that I am in open and peaceful possession of the premises described, and that my title thereto is not questioned, nor do I know of any claims which might give rise to adverse claim of my possession. If this application is accepted and a loan granted thereon by the bank, I agree to furnish, at my expense, within 15 days from the date of receipt of notice of approval of this loan, abstract or certificate of title, acceptable in form to the bank, that will show the title perfect in me, and the mortgage given the bank a first lien on the property described.''

An abstract of title was made by an attorney, and the loan was advanced upon the deed of trust containing the property as described, in which the deeds hereinafter referred to, with their recitals, were shown. Prior to the giving of this deed of trust to the Federal Land Bank, S. D. Russell had given a deed of trust on the same property to the Citizens Bank of Newton, which contained the lands conveyed in the deed of trust to the Federal Land Bank.

It was alleged in the bill filed by the Federal Land Bank that on November 15, 1887, A. Russell conveyed to S. D. Russell, Sr., the father of the appellant, ''For and during the term of said grantee's natural life, and upon his death the fee title to descend to said grantee's heirs at law, the S. W. ¼ of Section 14, all of Section 15; the N. ½ of Section 16, and the East ½ of the N. W. ¼ of Section 22, and the West ½ of the N. E. ¼ of Sec-

tion 22, all in Township 3, Range 12, East, Jasper county, Mississippi.'' The bill then alleges that the said S. D. Russell, Sr., died in 1919, leaving as his heirs, his widow, Mrs. Bettie McCant Russell, and three sons, G. L. Russell, R. A. Russell, and S. D. Russell, and that on April 8, 1919, G. L. Russell and R. A. Russell executed a deed purporting to be the conveyance of a life estate to S. D. Russell, which instrument was duly filed for record in the office of the chancery clerk in Deed Book 40, at page 464, and reads as follows:

''Know all men by these presents, That for and in consideration of the sum of $1.00 and other valuable consideration being heirs of the estate of S. D. Russell, deceased, and each owning a one-third interest in the following described lands hereby convey and warrant unto Samuel D. Russell for and during his natural life subject to all of the restriction, consideration and limitation hereafter mentioned, our undivided interest in the lands in the First Judicial District of Jasper County, Mississippi, described as S. W. ¼ of Section 14; all of Section 15; and the N. ½ of Section 16; and East ½ of N. W. ¼ of Section 22, all in Township 3, North, Range 12, East. It is expressly understood and agreed that the said lands are hereby granted by this deed of conveyance to the said Samuel D. Russell for a period only of his natural life, and that at his death the same shall descend to his legal heirs, and in the event of the death of any of his legal heirs, the remaining heirs will inherit and own the lands above described. It is our intention as well as our express wish and desire to give unto Samuel D. Russell a permanent home and support during the term of his natural life, and then for the said lands to become the property of his legal heirs, as aforesaid, and this deed of conveyance is made and executed under the further restrictions and limitations that the said Samuel D. Russell is to have no right, power or authority, to sell, mortgage or otherwise encumber said lands or any part

thereof, or for it or any part thereof to become subject to any debt which he may contract, and in the event any of these restrictions and reservations be disregarded then the said Samuel D. Russell shall forfeit all his estate in all of the said lands, or any right, title or interest therein, and after the death of the said Samuel D. Russell and the said        shall descend to his legal heirs, with the same as if the same had been conveyed by us direct under the law of the lands. It being expressly understood that the said lands shall descend to his legal heirs as heretofore set forth, and that the same shall never, at any time, become subject to any debt, contract or liability, contracted by him, or the judgment of any court for debt. It is hereby understood and agreed that the condition, restrictions and limitations above mentioned, does not apply to the timber on the above described lands, and we do by these presents and for the consideration herein expressed, hereby convey and warrant to the said Samuel D. Russell, all the timber now or hereafter growing, lying or standing upon said lands above described. Witness our signatures this the 8th day of April, 1919.

"G. L. Russell
"R. A. Russell."

It was also alleged in the bill that in 1920 the said G. L. Russell died intestate, leaving surviving him his daughter, Bettie Corinne Russell, one of the defendants, and that Mrs. Bettie McCant Russell died intestate in 1932, leaving as her heirs the defendants R. A. Russell and S. D. Russell, and a granddaughter, Bettie Corinne Russell, but prior to her death the said Mrs. Bettie McCant Russell conveyed her lands acquired from S. D. Russell, Sr., to appellant S. D. Russell. It was further alleged in the bill that in 1920, after the death of S. D. Russell, Sr., an original bill was filed in the chancery court of Jasper county by appellant S. D. Russell, praying for a partition in kind of certain real estate,

including all the lands conveyed by the deed of trust involved in this suit. It was alleged that all the parties to said suit were duly before the court, and the court, thus having jurisdiction, rendered a final decree in said suit on March 5, 1921, partitioning the lands described in the bill, containing the same lands described in the deed of trust given by S. D. and Kate Russell to the Federal Land Bank, together with other land. The bill seeking partition and all the proceedings therein were destroyed by fire in 1932 when the courthouse at Paulding, Miss., in Jasper county, was burned; but it is alleged that the decree in said cause had been recorded in other places where it was filed as a muniment of title, and certified copies thereof were procured for use in the present cause. It was further alleged in the bill that, by the terms of said decree, S. D. Russell was vested with the fee-simple title to all the lands described in the deed of trust to the Federal Land Bank, as well as other land, and that neither S. D. Russell nor G. L. and R. A. Russell ever intended said deed to S. D. Russell to vest title in him, and that all parties treated same as a nullity of no force and effect; that said instrument has never been delivered; and that no title passed by virtue thereof. The bill also alleged that, upon the partition decree, S. D. Russell took a fee-simple title to the lands described in the deed of trust, and continued to occupy said lands claiming same as his own, and that none of the other parties ever asserted any claim, right, or title to said lands, and that by virtue of this the said S. D. Russell is estopped to deny or assert, in any respect, the invalidity of the fee-simple title to the lands separately allotted to him by said partition.

The bill also alleged that S. D. Russell executed a deed of trust to the Citizens Bank of Newton, Miss., warranting his title to the lands therein conveyed, and that the other defendants recognized the validity of S. D. Russell's title to said lands. It was further alleged in the

bill that at the time of the execution of the deed of trust by S. D. Russell and Kate Russell, his wife, to the Federal Land Bank, the other defendants in this suit were advised and knew thereof and made no objections thereto; that S. D. Russell has paid all taxes on said lands since the rendition of the partition decree, and that the instrument purporting to convey a two-thirds interest in said land from the said S. D. Russell's brothers, G. L. and R. A. Russell, even if valid as a deed, if properly executed, contained attempted limitations against alienation of the title which were void, unenforceable, and of no effect. It was further alleged that the complainants were advised and believed that their deed of trust from S. D. Russell and his wife conveyed a first and valid title to said lands, yet, by reason of the claim made that S. D. Russell was prohibited from alienating the title to said lands, which claim is denied by complainants, in order to properly foreclose the deed of trust and quiet their title, and cancel as clouds upon the title the pretended claim of S. D. Russell et al., it is necessary and proper that this court take jurisdiction in order that said pretended claims be canceled, set aside, and held for naught or, in the alternative, if held to be a valid conveyance of the title to the lands therein described, that said deed be decreed to have conveyed a fee-simple title to S. D. Russell, subject to no lawful restrictions against his alienation of such title, and that the deed of trust given to the Federal Land Bank be foreclosed by this court of equity, after rendition of judgment in its favor against S. D. Russell and his wife, and that a commissioner be appointed to sell said land under the deed of trust on such terms as the court requires, and the bill then prays that the children of S. D. Russell and his wife be made defendants, and also that the heirs of S. D. Russell, Sr., be made defendants, and for special and general relief.

S. D. Russell answered the bill denying the residence of R. A. Russell and Bettie Corinne Russell as stated in the bill, and also denying the jurisdiction of the court. He admitted the execution of the deed of trust and note mentioned in the bill, but denied that he has questioned his obligation thereon. He admitted signing the application for a loan, but alleged that same was a printed form, and that he did not read it, nor was it read to him, and that he does not know whether it contained the representations mentioned in the bill, but that if it did, he averred that it did not mislead complainant, as the abstract shows the state of the title to the land. As to the title to the land, the appellant averred in his answer that the Federal Land Bank relied on its own investigation, as it was fully informed as to the title by the conveyances shown in the abstract, and that as to all the lands described in the trust deed except the E. ½ of the N. W. ¼ of sec. 14, T. 3, R. 12 E., he acquired no title thereto by inheritance from his deceased father, but that appellant was one of the remaindermen upon whom title was cast by virtue of a deed from A. Russell to S. D. Russell, Sr., mentioned in the bill of complaint filed by the Federal Land Bank, a copy of which was filed therewith as Exhibit A. Appellant further alleges that said deed to S. D. Russell, Sr., only conveyed a conditional life estate to him which terminated at his death, and by virtue of said deed the title was cast upon the remaindermen therein designated. That, not being versed in the niceties of the law, appellant was not able to distinguish between title by inheritance and in remainder, and that after the death of S. D. Russell, Sr., on April 8, 1919, as stated above, G. L. Russell and R. A. Russell, the other remaindermen, executed a deed conveying to appellant a limited and conditional life estate in said lands, which deed is above set forth at length. He further sets forth that at the time of the execution of said deed of trust to the Federal Land Bank, he was not capable of judging the

legal effect of said deed, its conditions, limitations, and restrictions, but he supposed said bank and its attorneys, whom he knew were in the examination thereof, had said deed before them and were familiar with the effect of its restrictions. Appellant states that he was then, and still is, desirous that the Federal Land Bank have the benefit of such title as he gave it as security, but since executing the deed of trust he has been advised of the effect of said conditions, restrictions, and limitations in said deed, and that the remainder therein created, vested upon the execution thereof, and could not thereafter be affected or abridged by any act of his or the said grantor. He further denied the allegation of the bill that said deed was not fully executed. He avers that there is no statement of fact showing that it was not complete, and that he cannot answer said allegation except to say that the deed was signed, acknowledged, and delivered to him on the day it bears date for the purpose mentioned in it, and was duly recorded long before said loan from the Federal Land Bank was made to him. Appellant further answered stating that a bill was filed in the chancery court for a partition of the lands belonging to the estate of S. D. Russell, Sr., deceased, among the appellants Mrs. Bettie McCant Russell, R. A. Russell, and Bettie Corinne Russell, but upon information which he received from the attorney who prepared and filed the same, he denied that said lands were included therein, that said lands were not subject to partition, and he had been unable to learn how said lands found their way into the report of the commissioner appointed to make the division of the lands, or in the decree confirming the report, but appellant avers that for the reason aforesaid, and for the further reason that the remaindermen are not parties thereto, said decree is void and of no effect. Appellant, upon advice, also denied that said decree had the effect of vesting in him the fee-simple title to any land owned by S. D. Russell, Sr., deceased, the source

of title to all the lands therein partitioned. Appellant further denied that he ever claimed the fee-simple title to said lands; that being no lawyer he does not know what a fee-simple title is; and he denied that he ever executed a trust deed to the Citizens Bank of Newton conveying said lands. It is true, he says, that he executed a deed of trust in blank, but he avers that after the execution of the deed of trust intended to convey other property said lands were fraudulently and without his knowledge written into it. He further said that when he received the money from the Federal Land Bank he paid to the Citizens Bank of Newton $7,500, the total sum due it, with the assurance of said bank that it would immediately cancel all claims of every kind and description held by it against appellant.

Kate Russell filed a separate answer adopting the answer of S. D. Russell.

Elizabeth Russell, Mary Emma Russell, Joseph Russell, and Tom Hardy Russell, the children of S. D. and Kate Russell, also filed a separate answer adopting the answer of S. D. Russell as their own.

S. T. Roebuck, receiver of the Citizens Bank of Newton, also answered, but as the court decided the case against Roebuck, as receiver, and he has not appealed therefrom, we deem it unnecessary to state the proceedings between him and the Federal Land Bank.

The chancellor held that the limitations against alienation contained in the deed from G. L. and R. A. Russell to S. D. Russell were void, and that S. D. Russell came into the fee-simple title to one-fourth of the property of S. D. Russell, Sr., by deed from the widow of S. D. Russell, Sr., and one-fourth of the remainder by the deed from A. Russell to the heirs of S. D. Russell, Sr., and that the wife of S. D. Russell, Sr., was one of his heirs within the meaning of that term used in the deed from A. Russell to S. D. Russell, Sr., and that the appellant herein, S. D. Russell, conveyed a valid fee-sim-

ple title to the Federal Land Bank to one-half of the land embraced in the deed from A. Russell to S. D. Russell, Sr., and appellant was estopped from claiming the benefit of the limitations on alienation in the deed executed by G. L. and R. A. Russell. The chancellor further held that Kate Russell, the wife of appellant, conveyed whatever interest she had as a remainderman under the deed from G. L. and R. A. Russell, and ordered a foreclosure of the deed of trust as to all the lands, appointing a commissioner to make the sale. The lands were sold, the report of the commissioner was confirmed, and personal judgment was rendered against S. D. and Kate Russell for the amount of the debt owing to the Federal Land Bank remaining unpaid after application of the proceeds of the sale, to satisfy said debt. From this decree, S. D. and Kate Russell, and their children, have appealed here.

On the trial of the cause, the attorney who filed the partition proceedings mentioned in this opinion testified that S. D. Russell and one of his brothers came to him for the purpose of dividing the property of the S. D. Russell, Sr., estate by partition; that they brought with them a deed from R. A. Russell and G. L. Russell to S. D. Russell, and a similar deed from S. D. Russell and R. A. Russell to G. L. Russell; that he examined these deeds and advised that the land embraced therein was not subject to partition; that they brought a "batch" of deeds for his examination as to the title of S. D. Russell, Sr., deceased, and that he did not know how the description of the land embraced in the two deeds just mentioned came to be placed therein; that he made a diligent search for the copy of the bill filed by him but was unable to find it, and that the records were lost by fire in 1930 when the courthouse at Paulding, Miss., was destroyed, and that he could not account for the manner in which these lands were embraced in the partition decree.

The remaindermen in the deeds from R. A. and G. L. Russell to S. D. Russell were not made parties to the partition proceedings; consequently, the remainder is not affected by such decree.

We think there is no question as to the validity of the deed from G. L. and R. A. Russell to S. D. Russell, and that it was permissible to impose restraints upon alienation during the life of S. D. Russell. The statute authorizing such, section 2114, Code 1930, section 2776, Code 1906, was held to be valid in the case of Stigler v. Shurlds, 131 Miss. 648, 95 So. 635, and we think the chancellor erred in holding that the restrictions on alienation in the deed from R. A. and G. L. Russell to S. D. Russell were invalid.

In this state it has been often held that it is permissible for a person to impose restrictions on alienation during the period of life of not exceeding two persons. See Leigh v. Harrison, 69 Miss. 923, 11 So. 604, 606, 18 L. R. A. 49; Crawford et al. v. Solomon et al., 131 Miss. 792, 95 So. 686; Bratton et al. v. Graham et al., 146 Miss. 246, 111 So. 353. In Leigh v. Harrison, supra, our court cited Lampert v. Haydell, 96 Mo. 439, 9 S. W. 780, 2 L. R. A. 113, 9 Am. St. Rep. 358, and said: "Judge Sherwood, in an instructive opinion, showed that the doctrine that a restraint upon alienation is inconsistent with the estate granted has no application in principle to an equitable estate; that courts of equity dealing with one class of trusts, i. e., those created for the benefit of married women, have uniformly upheld limitations against alienations to effectuate the intention of the author of the trust, and declare that 'it is difficult to see why, with a like object in view, i. e., the effectuation of the gift just as the author intended it to be effectuated, such court may not lay down and declare a rule in such a case as this, which shall be equally effectual in preventing the intention of the donor from being thwarted, —a rule which injures or defrauds no one, which vio-

lates no rule of public policy, and which gives stability and protection to a provision which originating in the warmest ties of affection, seeks to afford the beneficiary a sure and unfailing relief against the vicissitudes of fortune.' The argument in favor of the validity of the limitations impresses us as both sound and conservative. Our statutes against perpetuities would seem to express the whole legislative will on the subject, and to fix the limit which may not be exceeded, but within which restraints against alienations may be lawfully imposed, at least upon equitable estates for life which, whatever may be the rule as to legal estates, either in fee or for life, would seem not to be subject to the objection that the limitation is in derogation of the estate. We can perceive no reason why courts of equity, whose principles and administration give rise to and protect these estates, should not so mold and preserve the trusts declared as to protect and give effect to trusts for improvident and spendthrift persons who are objects of solicitude to their parents and friends. It is not more generally true that married women need the intervention of equity to protect their estate from the avarice or improvidence of husbands than that the unfortunate class called 'spendthrifts' require like restraint from the consequence of their own vice and extravagance. The affection of parents may be relied on to prevent the imposition of such limitations except in cases in which the interest of the individual and the public will be subserved.''

In Crawford v. Solomon, supra, it was held that a testator devising a life estate to his wife could prohibit alienation of the property during her life, and that such provision is legal and binding; there being no statute or public policy prohibiting it under section 2765, Code of 1906, Hemingway's Code, section 2269, citing Leigh v. Harrison, supra. With this construction of section 2765, Code 1906, re-enacted in the Code of 1930 as sec-

tion 2117, it must be held to have been adopted by the Legislature with the construction put upon it by the court. The re-enactment of a statute which has been judicially construed is an adoption of the construction placed upon it by the court. Smith v. Richardson, 2 Miss. Dec. 287.

In Hoy v. Hoy, 93 Miss. 732, 48 So. 903, 25 L. R. A. (N. S.), 182, 136 Am. St. Rep. 548, 17 Ann. Cas. 1137, it was held that the annotated Code of 1892, section 4489, being a re-enactment without change of a statute, after its construction, as not preventing implied revocation of a will, is to be given a like construction. White v. Illinois Cent. R. Co., 97 Miss. 91, 52 So. 449, 55 So. 593; Id., 99 Miss. 651, 55 So. 593; Thacker v. Illinois Cent. R. Co. (Miss.), 55 So. 595; Hamner v. Yazoo Delta Lbr. Co., 100 Miss. 349, 56 So. 466, and other authorities in the Mississippi Digest, title Statutes, Key No. 225¾.

The public policy declared by these decisions permits persons to convey property belonging to them with restrictions imposed upon its alienation so that the grantees may not become homeless, although they may be lacking in business judgment, improvident or spendthrifts.

The restraints involved are different from a general restraint on alienation, where property is deeded to another with conditions creating a perpetuity, or disposing of property with restraints longer than two lives in being. Restraints for a limited period as allowed by the law are not hurtful to society, but, on the contrary, enable a person to provide for his own family who may be incompetent and incapable of dealing with competition in life.

The law gives persons the right to dispose of their own property with restraints on alienation for a limited period, but denies perpetuities or restraint for a period longer than two lives in being.

We are dealing here with restraints on alienation of a life estate, and not a restraint on a fee-simple estate.

We think it clear that the property embraced in the deed from G. L. and R. A. Russell to S. D. Russell, one of the appellants here, was no part of the estate of S. D. Russell, Sr., and that it was not subject to partition. Said S. D. Russell, Sr., had no right or title to the lands here involved when he died, and they were not subject to partition in the division of his estate.

The lands not being capable of partition so as to defeat the interest of the remaindermen, S. D. Russell, the grantee in that deed, is not estopped by the partition suit in chancery to use his life estate during his life under the deed from his brothers, R. A. and G. L. Russell. The proceedings were rightful as to other lands than those in said deed from R. A. and G. L. Russell to S. D. Russell. The one-fourth interest acquired as remainderman by the appellant in the deed from A. Russell to S. D. Russell, Sr., is subject to appellee's deed of trust, as is also the one-fourth acquired from Mrs. Bettie McCant Russell, provided her interest conveyed to S. D. Russell was not also restricted from alienation.

The decree will be set aside, and the cause remanded, so that a proper decree may be rendered in conformity with this opinion; a proper sale may be made, and other appropriate relief granted.

Reversed and remanded.