BOXLEY v. JACKSON.

(In Banc. May 12, 1941. Suggestion of Error Overruled June 14, 1941.)

[1 So. (2d) 160. No. 34506.]

W. H. Maynard, Greek P. Rice, and Vincent J. Brocato, all of Clarksdale, for appellant.

**Holcomb & Curtis**, of Clarksdale, for appellee.

Argued orally by **Vincent J. Brocato** and **Wm. H. Maynard**, for appellant, and by **Pat D. Holcomb**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Ned Boxley died in Coahoma county, Mississippi, De-

cember 1, 1920, leaving a last will and testament, dated August 21, 1920, which was duly probated in that county. The will contained this provision:

"I give and devise to my son, David Boxley, an undivided one-half part, share and portion of and in that certain tract or parcel of land lying and being situate in the county of Coahoma, state of Mississippi, to-wit: 'The Southeast quarter of the southwest quarter (SE¼ of SW¼) of Section Eleven (11), Township Twenty-six (26), Range Three (3) West, to be used and enjoyed by him during the term of his natural life, and immediately after his decease I give and devise said part, share and portion of and in said land to the heirs of the body of my said son in fee simple.' "

It contained a like devise to Nash Boxley, appellant, and nominated Nash as executor without bond, without necessity of reporting to court. These were the only provisions in the will, and it appears that Nash and David were his only children.

David Boxley departed this life in Coahoma county in 1938, having had no bodily heir after the execution of this will.

The question presented on this appeal is the construction of the foregoing devise to David. Appellant is the only heir at law of Ned Boxley, and he claims that since David had no heir of the body, the remainder to such heirs became a lapsed devise on the death of David and reverted to the heirs of Ned Boxley, and, therefore, that he, Nash, is now the owner in fee simple, as such heir, of the interest in the lands devised to the bodily heirs of David. Appellee claims that David Boxley was vested with a fee simple title to such remainder, and that she is now the owner thereof, being one of the heirs, and a grantee in a deed from the other heirs at law of one Della Boxley, who died in 1939, claiming to be the common law wife of David Boxley, and his only heir at law.

The lower court was presented with two questions; first, the construction of the devise to David Boxley; and,

second, whether Della was the common-law wife of David and entitled to inherit from him as his only heir at law. The Chancellor first decided that the provision in the devise to David vested in David only a life estate; and David having no heirs of the body, the remainder became a lapsed devise and reverted to appellant as the only heir at law of Ned Boxley; also, that Della was not the legal common-law wife of David, and could not inherit from him. On motion to set aside that decree, and on reargument to, and reconsideration by, the Chancellor, he reversed both of these holdings and held in favor of appellee. It is from this decree that appellant appeals.

Our conclusion upon the meaning and effect of this devise renders it unnecessary for us to pass upon whether Della Boxley was the heir at law of David Boxley.

The theory underlying the claim of appellee that this devise vested in David Boxley a fee simple title is not clear. In the argument mention is made of the rule in Shelley's case, the Mississippi estate tail statute, section 2117, Code of 1930, and the rule against perpetuities. There is involved here no perpetuity, so we will consider the rule in Shelley's case. It is not necessary for us to enlist in the war which has raged about this rule since it was announced, either in the ranks of those who think it is the acme of wisdom, executing perfectly the will of the donor, or those who consider it absurd, unjust, arbitrary, defeating the will of the donor, an unblessed heritage of feudal customs, or those who, like Goldsmith's village parson, come to scoff and remain to pray. The rule was abolished by section 2114, Code of 1930, which is in these words:

"A conveyance or devise of land or other property to any person for life, with remainder to his heirs or heirs of his body, shall be held to create an estate for life in such person, with remainder to his heirs or heirs of his body, who shall take as purchasers, by virtue of the remainder so limited to them."

If the wording of this devise brings it within this rule,

then under the common-law construction David was vested with an estate as long as he had bodily heirs through succeeding generations. But under said section 2114 David would be vested only with a life estate, remainder to his bodily heirs, in default of which the remainder would lapse and revert to the donor, Ned Boxley, or his heirs. The wording of this devise would bring it within that rule unless the added words, "in fee simple," prevent it, which we consider later. A devise to A for life, remainder to the heirs of his body, was typical of an estate within the rule in Shelley's case. The express life, and according to most authorities, the express remainder, distinguish this from the usual common law entailed estate. It will be noted that section 2114 is directed to that wording. A typical common-law entailed estate, not under the rule in Shelley's case, would be to A and the heirs of his body. This was an entailed estate, not by the rule in Shelley's case, but because of its nature. It is this latter kind of estate which is covered by section 2117, Code of 1930, reading:

"Estates in fee tail are prohibited; and every estate which, but for this statute, would be an estate in fee tail, shall be an estate in fee simple; but any person may make a conveyance or a devise of lands to a succession of donees then living, and upon the death of the last of said successors to any person or any heir."

As further illustrating this difference and the construction this Court has placed upon devises of the kind here considered since the rule in Shelley's case was abolished by section 1201, Code of 1880, consider these Mississippi cases:

In Wallace v. Wallace, 114 Miss. 591, 75 So. 449, the provision was, "I . . . devise and bequeath to John P. Wallace . . . and to the heirs of his body." This was a fee tail under section 2117, Code of 1930.

In Bolton v. Barnett, 131 Miss. 802, 95 So. 721, the devise was to A and "the heirs of his body." This was a fee tail under said section 2117.

In Liberty Bank v. Wilson et al., 116 Miss. 377, 77 So. 145, 146, the deed was to ''her [daughter] and the heirs of her body.'' The Court explained that the rule in Shelley's case did not apply to this provision; that for it to apply the provision should be ''for life with remainder to the heirs of her body.'' Section 2117, Code of 1930, applied to this provision, and vested in the daughter a fee simple title. The foregoing illustrate entailed estates under section 2117.

In Stigler et al. v. Shurlds et al., 131 Miss. 648, 95 So. 635, 636, the devise was to a daughter, ''Mary Ella Lyons . . . during her lifetime,'' with remainder, on certain contingencies, to others. This was under section 2114, and vested in Mary a life estate, remainder in fee to the designated remainderman.

In Balfour v. Wells et al., 183 Miss. 707, 183 So. 392, 184 So. 313, the will used this language: ''To my daughter, Mrs. A. E. Love, . . . during her natural life, and at her death it shall descend to her children.'' At the time of the death of the testator Mrs. Love had one child, a son, who predeceased Mrs. Love, and who left as his sole heir at law his wife, who was appellee in that case. Section 2114, Code of 1930, applied to this situation, and it vested in Mrs. Love a life estate, and in Richard Love, the son, the remainder. This case is nearest in point, as being favorable to appellee in the case at bar, than any other Mississippi case, but it is not applicable, because in the case at bar David Boxley never had an heir of the body after the execution of this will.

In Federal Land Bank v. Newsom, 175 Miss. 114, 161 So. 864, 865, 166 So. 345, the will devised the land ''to my son Bruce D. Newsom during his natural life and then to the heirs of his body . . .'' There were other questions involved, but the Court, upon the question under consideration, used this expression: ''There has, of course never been any intimation anywhere that that statute made any interference with the right of a testator

to devise lands to a certain person for life with remainder to the heirs . . . of that person.''

. But in our view the words, ''in fee simple,'' added to the remainder provision in the case under consideration, prevent this being an entailed estate. In Shelley's case the Court said the words, ''heirs of the body'' (including both Shelley and his wife), described the estate of the first taker. The Court used the word ''limitation,'' which has been the judicial misnomer of all time. That is, these words described or defined that the estate vested in the first takers was an estate to continue and extend as long as the first taker had heirs in a direct line of descent, that is, to son, grandson, great-grandson, and so forth, from generation to generation, ''so long as there exists issue of the prescribed class; so long as there is, as it were, a stream flowing from the fountain.'' 24 R. C. L. 892; Thompson, supra, Vol. 2, 453; Note 29 L. R. A. (N. S.) 992. But these words being descriptive of Shelley's estate, the heirs took nothing by virtue of the conveyance, whatever estate they had came through Shelley by inheritance. True it is that actually, even at common law, entailed estates seldom continued through the generations, because of the fictitious court proceeding of common law recovery, thereby barring the entail. Thompson, vol. 2, p. 454, supra. But this did not affect the meaning. However, the authorities agree that if the donor uses other words conveying different meaning, the estate tail is not created. Irvine v. Newlin, 63 Miss. 192, 194; Note 29 L. R. A. (N. S.), p. 1014, sub-head f, and footnote. Now a fee simple estate is quite different from an entailed estate. We have tried to explain the course of an entailed estate. The words, ''fee simple,'' signify an absolute inheritance, clear of any condition, limitation or restriction to particular heirs, such as heirs of the body, or like. Thompson, vol. 2, p. 425, supra. Fee simple is contrary to the inheritance of the heirs of the body of the life tenant. 19 Am. Jur. ''Estates,'' sec. 52, p. 513. Heirs of the body describe a fee tail estate; fee simple an absolute

estate.   The controlling question is the nature of the estate given the heirs, which here was a fee simple estate.

It is a cardinal principle that the intention of the testator, when ascertained, controls unless invalid under the law.   Scott v. Turner, 137 Miss. 636, 102 So. 467; Dunlap v. Fant, 74 Miss. 197, 20 So. 874; Stigler v. Shurlds, supra; Wallace v. Wallace, supra.

It is clear that Ned Boxley intended to devise to his son David a life estate, with remainder after his death to the heirs of his body in fee simple, should he have such heirs.   He had no such heirs, and this devise lapsed and reverted to the heirs of the donor, Ned Boxley, who in this case is the appellant.

Reversed and judgment here for appellant.